AUGUSTINE J. CIANCIOLO, Appellee, v. MARY
WINSLOW CHAPMAN, Appellant. —350 S. W. (2d) 80.

Western Section at Jackson. May 26, 1961.

Certiorari Denied by Supreme Court September 6, 1961.

Owens & McLain, Memphis, for appellant.

Shea & Pierotti, Memphis, for appellee.

BEJACH, J. This cause involves a suit for specific performance filed by Augustine Cianciolo against Mrs. Mary Winslow Chapman for a tract of land containing 77.52 acres. The tract involved consists of undeveloped land adjoining the Lakewood Hills Subdivision and several additions thereto, which subdivision had previously been developed by Mrs. Chapman. In this opinion, the parties will be referred to as complainant and defendant, or called by their respective names.

Prior to November 28, 1958, the defendant owned a tract of undeveloped land containing 108.97 acres, west of and contiguous to the Lakewood Hills Subdivision and several additions thereto. On November 28, 1958, defendant entered into a contract with one Sidney Harper, under the terms of which she agreed to sell to said Harper 29.45 acres of said tract, and to grant to him for three months an option to purchase the remainder of said tract, estimated as containing about 75 acres, for $1,000 per acre. Under date of December 24, 1958, Harper sold to complainant, Augustine Cianciolo, his option to purchase the remainder of said tract of land which was estimated to contain about 75 acres, but which a subsequent survey has established as containing 77.52 acres. On January 9, 1959, complainant and defendant entered into a con-

tract which superseded the option granted to Sidney Harper, under the terms of which defendant agreed to sell and complainant agreed to buy for $1,000 per acre, "the remaining undeveloped portion of Lakewood Hills belonging to Mary Winslow Chapman, being approximately 75 acres, which adjoins the 29.45 acres belonging to Sidney Harper, and being the same property under option by Sidney Harper". This contract of January 9, 1959 provides further, "This contract is to exercise the option of Sidney Harper, which was given in consideration for the contract dated November 28, 1958 between Sidney Harper, purchaser, and Mary Winslow Chapman, seller, and supersedes said option referred to in the above mentioned contract." In these transactions, complainant was represented by Lee Carberry and defendant by Mrs. Kathryn Hill, both of whom were employees of the Gill Realty Company. Complainant's agent, Carberry, prepared the documents.

Subject to the execution of the contract of January 9, 1959, defendant ordered abstracts and a survey, but said order was countermanded and same were never delivered to complainant, his real estate agent, or his attorney. The survey which is in the record and which shows the land in dispute to contain 77.52 acres, was obtained by complainant after the institution of the suit involved in this cause. In the meantime, defendant had repudiated her contract with complainant and refused to comply with same. The reason assigned by her for refusing to comply with the contract of January 9, 1959, and the ground on which she seeks to defend the suit in the instant case is that she was advised that complainant was demanding a conveyance of more than he was entitled to under the terms of said contract of January 9, 1959. This contro-

versy arose out of the following circumstances. On February 8, 1957, by deed recorded in Record Book 3802, page 37 of the Register's Office of Shelby County, Tennessee, defendant had conveyed to one John R. Lynn and wife a part of lot 93 of the first addition to Lakewood Hills Subdivision, reserving therein a strip on the north part of said lot 93, 40 feet wide, fronting on Lakewood Drive, and extending westwardly to the tract of approximately 75 acres, which is the land involved in the instant case. Said 40-foot strip of land was therein reserved for a future road, but with the provision that if it was not used for a road, it should be conveyed to John R. Lynn. On or about January 29, 1959, when defendant delayed in delivering abstracts and survey, the Gill Realty Company, Inc., whose employees were agents for both complainant and defendant, had the contract between complainant and defendant recorded in the Register's Office, and delivered same to Mr. William J. Ling, a title attorney approved by the Mid South Title Guaranty Company for examination of the title and closing of the transaction. No survey or continuation of the abstracts having been presented to Mr. Ling, he obtained information about the land in question from the files of the Mid South Title Company, including the information about the provision in the deed to lot 93 reserving 40 feet for a future road. Mr. Ling was of opinion that the undeveloped property which defendant had agreed to convey to complainant was land-locked, except for the provision in the deed to lot 93 reserving the 40-foot strip for a road, and, consequently, that complainant was entitled to have defendant's reserved rights in said 40-foot strip conveyed to him along with the conveyance of the tract of approximately 75 acres expressly covered by his contract of January 9,

1959. Accordingly, on February 13, 1959, Mr. Ling wrote a letter to defendant advising that there had been delivered to him for closing, through the Mid South Title Company, Inc., a contract of sale in connection with the undeveloped portion of Lakewood Hills Subdivision, of which Mr. Cianciolo is the purchaser. This letter advised that Mr. Cianciolo and his attorney were ready to consummate the transaction as soon as proper abstracts were furnished, and stated further:

"There shall be included in the undeveloped portion that part reserved for street. We are advised that there is some controversy as to whether or not the north part of lot 93 which was reserved for the future road is embraced in your contract. We feel that it is, and Mr. Cianciolo and his attorney, Mr. John T. Shea, are prepared to file a bill for specific performance if this transaction is not consummated within the next several days."

On August 5, 1959, Mr. John T. Shea, who represents complainant in the instant case, wrote to defendant the following letter:

"August 5, 1959

"Mrs. Mary Winslow Chapman
"4066 James Road
"Raleigh, Tennessee

"Dear Mrs. Chapman:

"As you have been previously advised by Mr. Ling in his letter to you on February 13, 1959, I represent Mr. Augustine Cianciolo who entered into a contract with you on January 9, 1959 for the purchase of the remaining undeveloped portion of Lake-

wood Hills, being approximately 75 acres which adjoins the 29.45 acres sold to Mr. Sidney Harper. In the afore described letter of February 13th, Mr. Ling advised that Mr. Cianciolo was ready to consummate the transaction just as soon as there had been furnished to him proper abstracts of title for examination, and further that we were prepared to file a bill for specific performance if the transaction is not consummated. I am further advised that neither Mr. Cianciolo nor his representatives have received any communication from you of any kind of any intention on your part to consummate the contract. On behalf of Mr. Cianciolo, I am again demanding that we be furnished abstracts of title for examination within the next ten days. If we are not, I regret to advise that I shall file a bill for specific performance in the Chancery Court of Shelby County, Tennessee to enforce the provisions of the contract.

"Yours very truly,"

In an effort to settle the controversy, complainant offered to purchase from defendant her reserved rights in lot 93, but she refused to sell; and on September 22, 1959, suit was filed in the instant case. Complainant's bill alleges that on July 10, 1959, defendant had entered into a written contract with one Robert S. Inman, granting to him an option to purchase the same land which by contract of January 9, 1959, she had contracted to sell to complainant, for the sum of $1,750 per acre. Complainant's bill prays for specific performance of his contract, for an injunction against execution by defendant of a deed to any person other than complainant conveying said land, and, in the alternative, for $100,000 damages.

Complainant's bill does not ask for conveyance of defendant's reserved rights in lot 93. The record discloses that subsequently complainant purchased lot 92 of the first addition to Lakewood Hills Subdivision which adjoins lot 93, which will furnish to him ingress to and egress from the land involved in this cause.

It was and is defendant's contention that complainant was not entitled to a conveyance of her reserved rights in lot 93, and that his demand for conveyance of same, along with the conveyance of the tract of approximately 75 acres, constituted a breach of the contract of January 9, 1959, which entitled defendant to refuse to comply with same.

The Chancellor held that complainant was not entitled to conveyance of defendant's reserved rights in lot 93, but that the controversy with reference to same was a bona fide dispute about the terms of the contract of January 9, 1959 which did not entitle defendant to repudiate that contract. The final decree entered October 7, 1960 awarded specific performance in favor of complainant. From that decree defendant has prayed and perfected her appeal to this Court.

Defendant had, on September 25, 1959, filed a demurrer to complainant's bill in which she contended that complainant's demand for performance of the contract exceeded the terms and provisions of same. This demurrer had been overruled with leave to rely on same at the hearing.

In this Court, as appellant, defendant has filed five assignments of error, which are as follows:

"I

"The Chancellor erred in over-ruling the defendant's demurrer.

"II

"The Chancellor erred in holding that because of a dispute as to the construction of the contract the defendant had no right to rescind the contract.

"III

"The Chancellor erred in not holding that the dispute was the result of a capricious and arbitrary misconstruction of a clear and unambiguous contract on the part of the complainant, and not made in good faith.

"IV

"The Chancellor erred in granting the specific performance in this case.

"V

"The Chancellor erred in holding that the defendant was not justified in considering the contract rescinded because of the demands of the plaintiff that property, additional to that described in the contract, be included."

These five assignments of error present but a single question which is whether or not the Chancellor's decree granting specific performance should be affirmed.

■ In our opinion, defendant's appeal is utterly without merit. Since complainant did not pray for conveyance of defendant's reserved rights in lot 93, and since,

in this Court he is merely asking for affirmance of the decree of the lower court which did not include same, we are not called on to decide whether complainant would have been entitled to have defendant's reserved rights in lot 93 included. We are definitely inclined to the view, however, that if complainant had in the lower court insisted on inclusion of defendant's reserved rights in the decree for specific performance, and had appealed from that portion of the final decree which excluded such right, he would have been entitled to prevail. In Brown v. Berry, 46 Tenn. 98, 106, the Supreme Court said:

"A way of necessity arises, when the owner of two parcels conveys one parcel, which is wholly surrounded by other land of the grantor, or partly by this and partly by that of a stranger. The way is so far appurtenant to the land as to pass with the land to the grantee, provided he has no other way of access to the same: Wash. Eas., 62."

The Supreme Court's decision in Brown v. Berry has been cited with approval in Rightsell v. Hale, 90 Tenn. 556, 18 S. W. 245; Lewisburg, Tennessee v. Emerson, 5 Tenn. App. 127; Harris v. Gray, 28 Tenn. App. 231, 188 S. W. (2d) 933; and Johnson v. Headrick, 34 Tenn. App. 294, 237 S. W. (2d) 567.

In any event, for the purpose of affirming the decree of the lower court in the instant case, it it only necessary for us to hold, as did the learned Chancellor, that complainant's contentions with reference thereto, prior to filing suit for specific performance, constituted a dispute in good faith as to the meaning of the contract between the parties or as to the construction of same, which did not amount to a renunciation of same. As

was said by Mr. Justice Lansden, speaking for the Supreme Court in Brady v. Oliver, 125 Tenn. 595, 614, 147 S. W. 1135, 1139, 41 L. R. A., N. S., 69 Ann. Cas. 1913C, 376:

"Before a party to the contract can assume the right to rescind for the default of the other party, the default must be of such character as indicates an intent upon the part of the defaulter to abandon the contract." Brady v. Oliver, 125 Tenn. 614, 147 S. W. 1139.

Even if complainant had been wholly wrong in contending for his right to have defendant's reserved rights in lot 93 conveyed to him along with the land covered by the contract of January 9, 1960, that would have constituted no ground for repudiation of the contract by defendant. Complainant always had the right to do as he did, viz., waive his demand with reference to that contention, and still insist on consummation of the contract. Such right was expressly upheld by this Court in the case of Hall v. Snipes, 46 Tenn. App. 494, 330 S. W. (2d) 381.

The facts of the instant case, in our opinion, present, as was held by us in Brister v. Brubaker's Estate, 47 Tenn. App. 150, 336 S. W. (2d) 326, 332, a clear case entitling complainant to a decree for specific performance. Such decree was granted in the decree of the lower court, and we concur in the result there reached.

All of appellant's assignments of error will be overruled, and the decree of the lower court affirmed. A decree to that effect will be entered in this Court, with all costs accrued to date adjudged against appellant and

her surety on the appeal bond; after which this cause will be remanded to the Chancery Court of Shelby County, Tennessee for enforcement and supervision of such decree.

Avery, P. J. (W.S.), and Carney, J., concur.