# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

**August 5, 1998**

**Cecil W. Crowson
Appellate Court Clerk**

DANIEL SCOTT BRADLEY,                )
et ux LINDA BRADLEY,                 )
                                     )
    Plaintiffs/Appellees,            )
                                     )        Williamson Chancery
VS.                                  )        No. 23111
                                     )
GENEVA LYNN McCORD McLEOD,           )        Appeal No.
et vir RODRICK McLEOD,               )        01A01-9702-CH-00062
                                     )
    Defendants/Appellants.           )


APPEAL FROM THE CHANCERY COURT
FOR WILLIAMSON COUNTY
AT FRANKLIN, TENNESSEE


THE HONORABLE CORNELIA A. CLARK, JUDGE


For Plaintiffs/Appellees:                    For Defendants/Appellants:

M.T. Taylor, Jr.                             E. Covington Johnston, Jr.
Franklin, Tennessee                          Franklin, Tennessee


**AFFIRMED AND REMANDED**

WILLIAM C. KOCH, JR., JUDGE

# O P I N I O N

This case involves a dispute between two neighbors in the Fairview community of Williamson County concerning the use of a gravel driveway. Three years after purchasing a tract of land on which portions of the driveway were located, the property owners filed suit in the Chancery Court for Williamson County to quiet title to the portions of the driveway they believed to be on their property. Their neighbors responded that the driveway was their only access to a pubic road and that they had acquired a right to use the driveway by adverse possession. After the trial court granted the plaintiffs' uncontested motion for summary judgment, the defendants filed a Tenn. R. Civ. P. 59.04 motion asserting that they had an "easement of presumption" to use the driveway. The trial court denied the post-judgment motion on the ground that the new defense had not been timely raised. On this appeal, the losing property owners take issue with the trial court's decision to grant the summary judgment and to deny their post-judgment motion. We affirm the summary judgment.

## I.

Agnes McCord lived on a tract of land adjoining Brush Creek Road in Fairview. She gained access to the road from her house using a gravel driveway. In September 1988, Ms. McCord conveyed two acres of her property to Paul and Teresa McCord, her son and daughter-in-law. Even though the conveyed property contained portions of her gravel driveway, Ms. McCord did not expressly reserve an easement for the driveway in the deed. However, she continued to use the driveway without objection.

When Ms. McCord died in 1989, her two sons conveyed their interests in her property to their sister, Geneva McCord McLeod. While their deed is inexplicably not in the record,[1] there is no evidence that the quitclaim deed prepared by the two brothers recognized an ingress or egress easement for the gravel driveway serving the

---

[1] The record contains James McCord's affidavit referring to the quitclaim deed and stating that a copy of the deed is attached to the affidavit. The copy is not attached to the affidavit, and we have been unable to locate one anywhere else in the record.

house and the property. Nevertheless, Ms. McLeod continued to use the gravel driveway to access the public road just as her mother had done.

Shortly after acquiring the property, Paul and Teresa McCord used it as security on a promissory note. They defaulted on the note in 1991, and the creditor foreclosed on the mortgage and sold the property to Jim Walter Homes, Inc. The substitute trustee's deed to Jim Walter Homes contained no reference to an ingress or egress easement for the gravel driveway to Ms. McCord's house. In February 1992, Daniel and Linda Bradley acquired the property from Jim Walter Homes. Their deed – consistent with the preceding deeds – does not mention or recognize an ingress and egress easement for the gravel driveway to the house now owned by Ms. McLeod.

For a time after the Bradleys moved onto their property, both the Bradleys and the McLeods used the gravel driveway as their common access to Brush Creek Road. However, differences between the neighbors eventually erupted into an open dispute over the use of the driveway. In January 1995, the Bradleys filed suit in the Chancery Court for Williamson County seeking to quiet title to the portions of the driveway on their property. They sought a declaration that the portions of the driveway on their property belonged to them and an injunction preventing the McLeods from using the portions of the driveway on the Bradleys' property. The McLeods responded that the gravel driveway was their only means of access to Brush Creek Road and that they had acquired the right to continue to use the gravel driveway by adverse possession.

The Bradleys filed a fully supported summary judgment motion asserting that they were entitled to a judgment as a matter of law because the undisputed facts showed that the McLeods were not entitled to an easement of necessity. The McLeods filed nothing in response to the Bradleys' motion. Following a hearing, the trial court granted the Bradleys' motion for summary judgment after finding that the material facts were not disputed and that the McLeods were not entitled to an easement over the Bradleys' property. Accordingly, the trial court entered a judgment ordering title to the disputed property quieted in the Bradleys, giving the Bradleys the exclusive right to possess the disputed property, and enjoining the McLeods and their heirs and assigns from coming onto the property for any purpose.

In September 1996, the McLeods filed a motion to alter or amend "or in the alternative to set aside" the trial court's order. For the first time, they argued that they had an "easement of presumption" entitling them to use the disputed portions of the gravel driveway. They supported the motion with affidavits from Paul McCord and his brother discussing Ms. McCord's unwritten intentions concerning the driveway when she conveyed the property to Paul and Teresa McCord in 1988. These affidavits also stated that the gravel driveway had been in existence for more than twenty years. The trial court denied the McLeods' post-judgment motion. The trial court noted that the McLeods had failed to file a response contesting the Bradleys' motion for summary judgment and that "[t]he information now submitted by [the McLeods] is not newly-discovered. It simply comes too late."

## II.

We turn first to the trial court's denial of the McLeods' Tenn. R. Civ. P. 59.04 motion because the outcome of this issue materially affects our scope of review of the decision to grant the Bradleys' motion for summary judgment. While the McLeods do not directly challenge the denial of their motion, they rely heavily on the evidentiary material filed with the motion. The denial of the McLeods' Tenn. R. Civ. P. 59.04 motion had the legal effect of excluding this evidence from consideration. Thus, if we affirm the denial of the McLeods' Tenn. R. Civ. P. 59.04 motion, we will not consider the evidentiary materials attached to it when reviewing the trial court's decision to grant the summary judgment.

Summary judgment proceedings are not disfavored procedural shortcuts, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); *Mansfield v. Colonial Freight Sys.*, 862 S.W.2d 527, 530 (Tenn. Ct. App.1993), but rather are useful proceedings that provide an expeditious and inexpensive means to conclude litigation when there are no material factual disputes. *See Alexander v. Memphis Individual Practice Ass'n*, 870 S.W.2d 278, 280 (Tenn. 1993); *Foley v. St. Thomas Hosp.*, 906 S.W.2d 448, 452 (Tenn. Ct. App. 1995). The practicing bar has now been on notice for more than two decades that summary judgment motions should not be taken lightly. *See Poling v. Goins*, 713 S.W.2d 305, 308 (Tenn. 1986); *Fowler v. Happy Goodman Family*, 575 S.W.2d 496, 498 (Tenn. 1978). They have also been admonished repeatedly that parties facing a summary judgment motion cannot rest on the mere allegations or

denials in their pleadings but rather must respond with appropriate evidentiary materials demonstrating that there is a genuine issue for trial. *See* Tenn. R. Civ. P. 56.06; *Fowler v. Happy Goodman Family*, 575 S.W.2d at 498; *Dellinger v. Pierce*, 848 S.W.2d 654, 656 (Tenn. Ct. App. 1992).

Unfortunately not all lawyers heed Tenn. R. Civ. P. 56.06's clear warning. With increasing frequency, they do not take a motion for summary judgment seriously until after it has been granted. Then, relying on *Schaefer v. Larsen*, 688 S.W.2d 430 (Tenn. Ct. App. 1984) and its progeny, they file a Tenn. R. Civ. P. 59.04 motion seeking to set aside the summary judgment using evidentiary materials that should have been submitted to the trial court before the summary judgment was granted. In some instances, these lawyers have been successful in overturning a previously granted summary judgment, *see Richland County Club, Inc. v. CRC Equities, Inc.*, 832 S.W.2d 554, 557-58 (Tenn. Ct. App. 1991); *Schaefer v. Larsen*, 688 S.W.2d at 433-34, but in other instances they have not. *See Marr v. Montgomery Elevator Co.*, 922 S.W.2d 526, 528 (Tenn. Ct. App. 1995).

Oftentimes, lawyers seeking to overturn a summary judgment after it has been granted overlook the fact that the trial courts may deny a Tenn. R. Civ. P. 59.04 motion seeking to introduce new evidence if there is no particularized showing of due diligence or of the reasons why the new evidence could not have been discovered and presented prior to the initial consideration of the summary judgment motion. *See Marr v. Montgomery Elevator Co.*, 922 S.W.2d at 528. While the panel that decided *Schaefer v. Larsen* expressed some inclination to relax the strict requirements associated with motions for new trial based on newly discovered evidence, no court has held that the issues of diligence and availability cannot or should not be considered when a party seeks to alter or amend a summary judgment using new evidence.

The purpose of Tenn. R. Civ. P. 59 motions is to prevent unnecessary appeals by providing trial courts with an opportunity to correct errors before a judgment becomes final. *See Rupe v. Durbin Durco, Inc.*, 557 S.W.2d 742, 748 (Tenn. Ct. App. 1976), *overruled on other grounds, Crosslyn v. Alsup*, 594 S.W.2d 379, 380 (Tenn. 1980). Tenn. R. Civ. P. 59.04 motions may be granted (1) when the controlling law changes before a judgment becomes final, (2) when previously unavailable evidence

becomes available, or (3) when, for sui generis reasons, a judgment should be amended to correct a clear error of law or to prevent injustice. *See Helton v. ACS Group*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997) (construing Fed. R. Civ. P. 59(e)). They should not, however, be granted if they are simply seeking to relitigate matters that have already been adjudicated. *See Windsor v. A Fed. Executive Agency*, 614 F. Supp. 1255, 1264 (M.D. Tenn. 1983) (construing Fed. R. Civ. P. 59(e)). Thus, a Tenn. R. Civ. P. 59.04 motion should not be used to alter or amend a summary judgment if it seeks to raise new, previously untried legal theories, to present new, previously unasserted legal arguments, or to introduce new evidence that could have been adduced and presented while the summary judgment motion was pending. *See Helton v. ACS Group*, 964 F. Supp. at 1182; *McCorkle v. Dyer County*, No. 02A01-9701-CV-00020, 1998 WL 155437, at *4 (Tenn. Ct. App. Apr. 6, 1998) (No Tenn. R. App. P. 11 application filed).

The McLeods' Tenn. R. Civ. P. 59.04 motion contains two flaws. First, it seeks to introduce a new legal defense that was not presented to the trial court before it granted the summary judgment. Second, it seeks to present evidence not introduced prior to the original summary judgment hearing. Both Paul McCord and James McCord have been aware of this evidence since 1988, and thus the McLeods have not demonstrated even the minimal diligence needed in order to be entitled to relief from a summary judgment under Tenn. R. Civ. P. 59.04. Accordingly, the trial court did not abuse its discretion when it denied the McLeods' Tenn. R. Civ. P. 59.04 motion. As a consequence, we will review the propriety of the summary judgment without considering the affidavits submitted by Paul and James McCord.

### III.

We turn now to the McLeods' assertion that the trial court should not have granted the summary judgment because the Bradleys have not demonstrated that they are entitled to a judgment as a matter of law based on the undisputed facts. Their argument must be confined to their easement of necessity and adverse possession defenses because we have affirmed the trial court's decision that their "easement of presumption" defense came too late. Based on the record before the trial court at the time of the summary judgment hearing, we have concluded that the Bradleys are entitled to a summary judgment.

# A.

Summary judgments enjoy no presumption of correctness on appeal. *See Nelson v. Martin*, 958 S.W.2d 643, 646 (Tenn. 1997); *City of Tullahoma v. Bedford County*, 938 S.W.2d 408, 412 (Tenn. 1997). Accordingly, reviewing courts must make a fresh determination concerning whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Mason v. Seaton*, 942 S.W.2d 470, 472 (Tenn. 1997). Summary judgments are appropriate only when there are no genuine factual disputes with regard to the claim or defense embodied in the motion and when the moving party is entitled to a judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04; *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

Courts reviewing summary judgments must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997); *Mike v. Po Group, Inc.*, 937 S.W.2d 790, 792 (Tenn. 1996). Thus, a summary judgment should be granted only when the undisputed facts reasonably support one conclusion -- that the moving party is entitled to a judgment as a matter of law. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

The party seeking the summary judgment has the burden of satisfying the court that the requirements of Tenn. R. Civ. P. 56 have been met. *See Shadrick v. Coker*, 963 S.W.2d 726, 731 (Tenn. 1998); *Jenne v. Snyder-Falkinham*, 967 S.W.2d 327, 331 (Tenn. Ct. App. 1997). Once a moving party has met its burden, the opposing party must come forward with specific facts creating a material, triable factual dispute. *See Braswell v. Carothers*, 863 S.W.2d 722, 728 (Tenn. Ct. App. 1993); *Masters v. Rishton*, 863 S.W.2d 702, 705 (Tenn. Ct. App. 1992). A failure by the opposing party to respond precludes factual disputes, *see Union Serv. Indus., Inc. v. Sloan*, No. 88-127-II, 1988 WL 99722, at *2 (Tenn. Ct. App. Sept. 28, 1988) (No Tenn. R. App. P. 11 application filed), and if the material facts are left undisputed, the trial court may grant a judgment if the law, as applied to the undisputed facts, mandates a judgment for the moving party. *See Parker v. Vanderbilt Univ.*, 767 S.W.2d 412, 418 (Tenn. Ct. App. 1988).

**B.**

An easement is an interest in property that confers on its holder an enforceable right to use another's property for a specific purpose. *See Brew v. Van Deman*, 53 Tenn. (6 Heisk.) 433, 436 (1871); *Clayton v. Wise*, 1 Tenn. Civ. App. (Higgins) 620, 638-39 (1910). Parties may create an easement by express grant or reservation by including language in their deed reserving for certain identified parties a limited right to use some or all of the land conveyed. *See Long v. Mayberry*, 96 Tenn. 378, 382, 36 S.W. 1040, 1041 (1896); *Reider v. Orme*, 17 Tenn. App. 497, 500-01, 68 S.W.2d 960, 962 (1933).

Easements may also be created by implication, prescription, estoppel, or eminent domain. *See Pevear v. Hunt*, 924 S.W.2d 114, 115-16 (Tenn. Ct. App. 1996). Easements by implication are not favored and are exceptions to the general rule that easements must be created either by an express writing or by prescription. *See Cole v. Dych*, 535 S.W.2d 315, 318 (Tenn. 1976); *Lively v. Noe*, 62 Tenn. App. 218, 222, 460 S.W.2d 852, 854 (1970). Unlike express easements, they take into account the prior use made of conveyed land. They ordain the perpetuation of that use on the general principle that property is usually passed along with its burdens and that the parties, as evidenced by their actions, understood that their property was thus conveyed. *See* Roger A. Cunningham, et al., *The Law of Property* §§ 8.4 - 8.5 (1984); 2 *American Law of Property* §§ 8.31-8.38 (1952). Courts may find an easement by implication as a matter of practical necessity when refusing to recognize such an easement leaves a tract of property otherwise inaccessible. *See* Tenn. Code Ann. §§ 54-14-101, - 117 (1993); *Cianciolo v. Chapman*, 49 Tenn. App. 33, 41, 350 S.W.2d 80, 83 (1961).

An easement by prescription (or, at it is sometimes called, by adverse possession) also differs from an express easement in that it is not based on the language in a deed but rather on the use of the property. An easement by prescription arises when a person, acting under an adverse claim of right, makes uninterrupted, open and visible use of another's property for at least twenty years with the owner's knowledge and acquiescence. *Long v. Mayberry*, 96 Tenn. at 382, 36 S.W. at 1041; *Pevear v. Hunt*, 924 S.W.2d at 116.

## C.

The undisputed facts before the trial court demonstrated conclusively that Ms. McCord did not reserve an express easement for the gravel driveway when she conveyed a portion of her property in 1988 to her son and daughter-in-law. Her deed neither creates, recognizes, nor reserves any right to continue using the conveyed property for ingress and egress. Thus, the trial court correctly concluded as a matter of law that the McLeods have no easement by express grant or reservation over the Bradleys' property.

The trial court concluded correctly that the McLeods have no implied easement by necessity. Thomas White's uncontroverted affidavit shows that the McLeods could easily make another driveway wholly on their own land. In Mr. White's words, this driveway "would be as good and convenient as the alleged easement over the [Bradleys'] land." Such was the case in *Allison v. Allison*, 29 Tenn. App. 99, 104-05, 193 S.W.2d 476, 478 (1945). Just as we declined to imply an easement of necessity for a driveway in that case, we see no basis to imply one here under the undisputed facts.

We need not consider the McLeods' implied easement argument because we have already determined that they asserted this theory too late. The record before the trial court contained nothing about the McCord family's unwritten intentions. All that the trial court had were the first and successive recorded deeds on the two-acre tract and the survey evidence. Where a grantor gives a warranty deed without expressly reserving any easement, "there can be no reservation by implication unless the easement is strictly one of absolute necessity." *LaRue v. Greene County Bank*, 179 Tenn. 394, 406-07, 166 S.W.2d 1044, 1049 (1942). Based on the undisputed evidence before it, the trial court correctly declined to find the existence of an implied easement.

Likewise, the McLeods have no easement by prescription or adverse possession. Based on the undisputed facts, neither Ms. McCord nor Ms. McLeod have used the driveway openly and notoriously against the owners of the property following the 1988 conveyance. Prior to the conveyance, Ms. McCord owned the driveway and, therefore could not have been using the driveway adversely to herself. The doctrine of prescriptive easement cannot apply when there is no evidence that

anyone has adversely used the property for the required period of time. *See Town of Benton v. Peoples Bank*, 904 S.W.2d 598, 602 (Tenn. Ct. App. 1995). The trial court was impregnably right in concluding that no easement by prescription exists in this case.

### IV.

We affirm the summary judgment and remand the case to the trial court for whatever further proceedings may be required. We tax the costs of this appeal to Geneva Lynn McCord McLeod and Roderick McLeod, jointly and severally, for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
SAMUEL L. LEWIS, JUDGE