IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 27, 2001 Session

# LEON WILLIAMS GENERAL CONTRACTOR, A/K/A LEON WILLIAMS GENERAL CONTRACTOR, INC. v. D. F. SHOFFNER MECHANICAL & INDUSTRIAL CONTRACTORS, INC.

**Appeal from the Circuit Court for Blount County**
**No. L-10999     W. Dale Young, Judge**

**FILED SEPTEMBER 21, 2001**

**No. E2000-01877-COA-R3-CV**

This is a suit by a general contractor against a sub-contractor for breach of contract and negligence in installing heating, ventilation and air conditioning equipment. The Trial Court granted summary judgment in favor of the sub-contractor, resulting in this appeal. We find in light of the Supreme Court case of Harris v. Chern, which was delivered after the Trial Court ruled on the motion to alter or amend, that the order overruling the motion should be vacated and the Trial Court should reconsider it in light of Harris. We accordingly vacate the order overruling the motion to alter or amend, and remand.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated;
Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

Wanda G. Sobieski, Knoxville, Tennessee, for the Appellant, Leon Williams General Contractor, a/k/a Leon Williams General Contractor, Inc.

William A. Reeves, Knoxville, Tennessee, for the Appellee, D. F. Shoffner Mechanical & Industrial Contractors, Inc.

## OPINION

This is a suit by Leon Williams General Contractor, a/k/a Leon Williams General Contractor, Inc., against its sub-contractor, D. F. Shoffner Mechanical & Industrial Contractors, Inc. Tennessee Associates International, Inc., and Williams entered into a contract whereby Williams would be general contractor for erecting a building for Tennessee Associates. The architect employed for the

project was Michael Brady Architect, Inc., who was recommended by Williams. Mr. Brady submitted three or four names for employment as a mechanical engineer. Shoffner expressed a preference for Albert F. G. Bedinger Consulting Engineers, Inc., which was then hired. After completion of the building, the heating, ventilation, and air conditioning systems installed by Shoffner failed repeatedly and continued to cause severe problems, notwithstanding corrective measures employed. At the suggestion of Mr. Shoffner, another mechanical engineer, H. Gene Daves, was hired to solve the problem, which he identified as follows:

> To summarize, the single zone Carrier 48TJ rooftop units and the variable volume fan powered box system as designed are not compatible. Either the units need to be changed to a variable volume type or the system needs to be modified.

The recommendations of Mr. Daves were implemented by Shoffner at its cost, which appeared to have solved the problem.

At some point, Tennessee Associates assigned any cause of action it might have against various parties to Williams, who filed a suit against Michael Brady Architect, Inc., Albert F. G. Bedinger Consulting Engineers, Inc., D. F. Shoffner Mechanical & Industrial Contractors, and Johnson Controls, Inc.

Shoffner filed a motion for summary judgment, asserting that the claim against it was barred by an accord and satisfaction, a novation and by Williams' failure to show any fault on its part. The Trial Judge, although not specifying upon which ground or grounds he relied, sustained the motion and thereafter made it final pursuant to Tenn.R.Civ.P. 54.

Williams appeals, contending there are genuine issues of material fact relative to the defenses asserted, which precluded entry of a summary judgment.

The standard of review employed by appellate courts in judging trial courts' action has been recently restated in the case of Staples v. CBL & Associates, Inc., 15 S.W.3d 83, 89 (Tenn. 2000), as follows:

> The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn.1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995).

At the outset, we must determine whether excerpts of certain depositions which were taken after the summary judgment was granted--but during the pendency of a motion to alter and amend-- should be considered.

We believe the case of <u>Harris v. Chern</u>, 33 S.W.3d 741 (Tenn.2000), which was delivered after the Trial Court's determination and after the appellate briefs were filed by the parties is dispositive of the question. In that case the Supreme Court set out the factors to be considered when addressing such a motion:

> We granted this appeal to determine the standard to be applied in ruling upon a Tenn.R.Civ.P. 54.02 motion to revise a grant of partial summary judgment based upon evidence beyond that which was before the court when the motion was initially granted. For the reasons stated below, we reject the newly discovered evidence rule applied by the trial court and set forth in <u>Bradley v. McLeod</u>, 984 S.W.2d 929 (Tenn.Ct.App.1998). We adopt a test requiring the trial court to consider, when applicable: 1) the movant's efforts to obtain evidence to respond to the motion for summary judgment; 2) the importance of the newly submitted evidence to the movant's case; 3) the explanation offered by the movant for its failure to offer the newly submitted evidence in its initial response to the motion for summary judgment; 4) the likelihood that the nonmoving party will suffer unfair prejudice; and 5) any other relevant factor. Accordingly, we reverse the judgment of the Court of Appeals and remand to the trial court for application of this standard.

We accordingly conclude in the case on appeal it is appropriate to vacate the judgment entered by the Trial Judge and remand the case so that he might consider the factors set out in <u>Harris</u> and thereafter exercise his sound discretion in ruling on the motion.

For the foregoing reasons the judgment of the Trial Court is vacated and the cause remanded for further proceedings in accordance with this opinion. Costs of appeal are adjudged against D. F. Shoffner Mechanical & Industrial Contractors, Inc.

_____

HOUSTON M. GODDARD, PRESIDING JUDGE