IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 9, 2002 Session

# DAVID DOUGLAS O'CONNELL v. METROPOLITAN GOVERNMENT OF NASHVILLE & DAVIDSON COUNTY, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 98C-974      Walter C. Kurtz, Judge**

---

**No. M2001-00491-COA-R3-CV - Filed April 15, 2002**

---

The plaintiff in this inverse condemnation action alleged that the State took two parcels of land that belonged to him for a road-widening project, paying compensation to the wrong parties. The trial court referred the question of ownership of the disputed parcels to a special master, who determined that the plaintiff was not entitled to compensation for one of the parcels because title had passed to another party by adverse possession. The trial court affirmed the findings of the special master. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which PATRICIA J. COTTRELL, J. and DON R. ASH, SP. J., joined.

Clark H. Tidwell, Nashville, Tennessee, for the appellant, David Douglas O'Connell.

Paul G. Summers, Attorney General and Reporter; Wendell C. Dawson, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. LAND IN DISPUTE

In 1859, John H. Taylor purchased a thirty-acre tract in Davidson County along both the eastern and western sides of the Old Louisville Branch Turnpike. Mr. Taylor later conveyed the western portion of his tract to W.R. Sanders, and it was subsequently divided further. Alice Frances Cranford and Carolene Marie Bandy (Cranford) eventually purchased one of the tracts at issue in this case, while a group of investors (Pegasus Properties) purchased the other. The plaintiff in this case is David Douglas O'Connell, the great-grandson of John H. Taylor. He acquired the remainder of the Taylor property by warranty deed from Mr. Taylor's other heirs.

The Old Louisville Branch Turnpike later became Dickerson Road. Over the course of time, the road was widened and straightened, and the right of way shifted eastward. Mr. O'Connell claimed that as a result he held title to land on both sides of Dickerson Road. However, he did not occupy or make use of the land bordering Dickerson Road on the west.

In 1995, the Tennessee Department of Transportation prepared to improve and widen Dickerson Road again, and it needed narrow strips of land on both sides of the road to do so. Rather than condemn the property it needed for the project, TDOT chose to acquire it administratively. The Department purchased a strip of land on the east side of Dickerson Road from Mr. O'Connell for $13,000. Mr. O'Connell claimed that he had put the State on notice that the land it wanted on the west side of the Pike was also part of the O'Connell property, and did not belong to either Cranford or Pegasus. Nonetheless, the State purchased those strips of land from Cranford and Pegasus for $8,000 and $32,775 respectively.

## II. COURT PROCEEDINGS

On April 8, 1998, Mr. O'Connell brought an inverse condemnation action against both the State of Tennessee and the Metropolitan Government of Nashville and Davidson County. He claimed that the land acquired from Cranford and Pegasus belonged to him, and thus that the property had been taken without payment of just compensation to its true owner.

The State filed a motion to be dismissed as a defendant under Tenn. R. Civ. P. Rule 12.02(1) for lack of subject matter jurisdiction, citing the doctrine of sovereign immunity. Mr. O'Connell and the Metro Government filed cross-motions for summary judgment. Among other defenses, Metro contended that Mr. O'Connell's claim was barred by adverse possession, and thus that even if he could prove record title to the Cranford and Pegasus properties, he had lost his property rights to the other landowners.

On January 5, 1999, the trial court filed a Memorandum and Order in this case. The judge stated that while the parties had submitted deeds to the disputed property, and Mr. O'Connell had submitted an affidavit from a surveyor that he retained, these documents were not very helpful. He observed that to a layperson, the metes and bounds description in the deeds were incomprehensible, and that the surveyor did not offer any opinion as to whether the conveyances to Cranford and Pegasus included the disputed property. The court denied both motions for summary judgment, and scheduled a meeting in chambers to discuss the possibility of appointing a special master to hear evidence and report findings to the court, in accordance with Rule 53, Tenn. R. Civ. P.

On January 14, 1999, the trial court issued an Order of Reference. The court stated that during the meeting with counsel in chambers, "[b]oth parties agreed to the appointment of a Master and both parties recommend Mr. C. Dewees Berry IV of the Nashville Bar as the Master." The court accordingly appointed Mr. Berry as Master to determine the questions at issue, specifically including the question of adverse possession, and to file a report, including findings of fact and conclusions of law, within 90 days.

The Special Master conducted a hearing in his office on April 8, 1999 before the plaintiff, his attorney, the attorney for the defendants, and Mr. Robert D. Warren, a professional engineer. There was no court reporter present. Both Mr. O'Connell and Mr. Warren gave sworn testimony and submitted exhibits to the Master including surveys, drawings and deeds. Relying upon these, and upon the court file and pertinent portions of the Davidson County tax map, the Master concluded that Mr. O'Connell's claim should be upheld in regard to the property acquired by the State from Cranford, and dismissed in regard to the property acquired by the State from Pegasus Properties.

In his report, the Master referred to the property conveyed to the State by Cranford as Parcel 1, and the property conveyed to the State by Pegasus as Parcel 2. He stated that the description in the deed to the Cranford property did not include any portion of Parcel 1, and that the owners did not keep up, use, or otherwise take possession of any portion of Parcel 1.

He found, however that the property description in Pegasus Properties' recorded deed included Parcel 2, and therefore gave it color of title to that parcel. He also found that the Pegasus partners had filled a portion of that parcel, and constructed a driveway over part of Parcel 2, which was the only means of ingress or regress to its entire tract. He further noted that the plaintiff admitted that the driveway was installed "sometime in 1988." Relying upon a building permit (dated April 12, 1988) and a final inspection report (dated August 26, 1988) both issued by the Metro government, he found that Pegasus Properties had to have begun construction well before August 17 of that year. Since Pegasus deeded Parcel 2 to the State on August 17, 1995, the Master concluded that Pegasus had held the disputed property adversely to Mr. O'Connell for more than seven years.

Mr. O'Connell filed an objection to the report of the Special Master, which challenged the finding of adverse possession by Pegasus. Interestingly, the plaintiff did not dispute the factual predicate of the Master's report, but only the inferences to be drawn from the facts. He did not deny that Pegasus had built a driveway over Parcel 2, but asserted that it had been done with his permission, without explaining in what way that permission was expressed. He also argued that Pegasus could not be deemed to have occupied the disputed property until the Certificate of Occupancy was issued on August 26, 1988. The trial court considered the plaintiff's arguments, but overruled the objection and affirmed the Master's Report in its entirety.

The court entered a partial summary judgment on the report, and ordered that the case be set for jury trial on the issue of the valuation of the Cranford property.[1] The plaintiff then filed a Motion to Alter or Amend the Judgment, which included an additional argument: that the Master misinterpreted the deeds he examined, and that the correct interpretation would have revealed that Pegasus did not have color of title to Parcel 2. The trial court denied the motion. This appeal followed.

_____

[1]The record reveals that this portion of the case eventually went to trial, and that after a brief jury trial, the court entered a $7,904 judgment for Mr. O'Connell against Metro Government on the Cranford property, and dismissed the State of Tennessee as a party.

### III. ISSUES ON APPEAL

On appeal, Mr. O'Connell renewed the arguments he asserted in his Objection to the Report of the Special Master and in his Motion to Alter or Amend the Judgment. He also argued for the first time that the trial court was not entitled to render a summary judgment in this case because of the absence of a transcript of the hearing before the Special Master.

Rule 36 of the Rules of Appellate Procedure describes the nature of the relief appeals courts are authorized to grant as follows: "[n]othing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." Rule 36(1). Since Mr. O'Connell participated in the hearing before the Master without a reporter present and failed to object to the lack of a transcript until his motion to alter or amend, we are not required to grant him any relief based upon the theory that the lack of a transcript rendered the trial court's reliance upon the Special Master's report invalid.[2]

We note, however, that even if the appellant had brought the absence of a transcript to the attention of the trial court in a timely manner, he still would not necessarily be entitled to the relief he seeks. Our Supreme Court has ruled, in the case of *In re Estate of Tipps*, 907 S.W.2d 400 (Tenn. 1995), that while it would indeed be error for the master not to file a transcript "unless otherwise directed by the order of reference," *see* Rule 53.04 Tenn. R. Civ. P., such an error does not necessarily require the reversal of a judgment based upon a master's report. Such a report may be affirmed so long as there is material evidence in the record to support it, and "findings of fact by the master concurred in by the trial court are conclusive on appeal if supported by any material evidence." 907 S.W.2d at 403. In the present case, there is no dispute as to the material facts that are relevant to the arguments that we are obligated to review.[3]

It appears to us that we need only address the question of whether Pegasus proved its adverse use of the land for the seven-year period required to establish adverse possession. We need not examine the deed by which Pegasus acquired the property, for the appellant did not challenge Pegasus' color of title prior to filing his Motion to Alter or Amend. A Rule 59.04 Motion "should not be used to alter or amend a summary judgment if it seeks to raise new, previously untried legal

---

[2] Rule 21.03 of Davidson County's Local Rules for Courts of Record states that "the parties are responsible for providing a court reporter in order to preserve rights to object before the trial judge. The master is not required to file a transcript of the proof with the master's report." While this rule may explain the absence of a transcript in this case, it does not excuse it. The local rule is in conflict with the Rule 53 of the Rules of Civil Procedure, which requires the preparation of a transcript unless the master is "otherwise directed by the order of reference." It also conflicts with the Supreme Court's opinion in *In re Estate of Tipps*, 907 S.W.2d 400 (Tenn. 1995), which explicitly rejects the proposition that the responsibility for filing the transcript rests on the party seeking to appeal.

[3] We should not be confused by the trial court's label of partial summary judgment put on the question of the adverse possession of the two tracts. The court's decision was in actuality an affirmance of the Master's findings on a resolution of the disputed facts. Calling the order a summary judgment was merely a misnomer.

theories, to present new, previously unasserted legal arguments, or to introduce new evidence that could have been adduced and presented while the summary judgment motion was pending." *Bradley v. McLeod*, 984 S.W.2d 929, 933 (Tenn. Ct. App.1998). *See also Harris v. Chern*, 33 S.W.3d 741 (Tenn. 2000). A stronger reason exists for applying this rule to a case where the issues have been tried on the merits.

The appellant admits that Pegasus built a driveway over Parcel 2, shortly after acquiring the property, but argues that the appellee should not be deemed to have occupied the parcel until August 26, 1988, when Metro issued a Certificate of Occupancy. It does not appear to us, however, that possession of property adverse to the interests of its owner depends for its validity upon the assent of local government.

Possession begins, rather, with an entry onto land which amounts to an ouster of the true owner. *Moffitt v. Meeks*, 199 S.W.2d 464 (1946). Another formulation of the same principle states that the existence of a right of action against the party in possession is always sufficient to start the statute and perfect the right in the possessor. 1 Tennessee Jurisprudence, *Adverse Possession §15* (2001). The staking of the land and the beginning of the construction of the driveway on Parcel 2 gave Mr. O'Connell a possible right of action for trespass, and thus was sufficient to start the seven-year period required to establish adverse possession of the parcel.

While the exact date that Pegasus entered the land is not in the record, Pegasus would have had to stake the land, begin the driveway, complete it, have its property inspected by Metro Codes, and receive a certificate of occupancy, all within a period of nine days, for Mr. O'Connell's theory to prevail. Without further proof, the Special Master and the trial court were not convinced that Pegasus could have operated on such a timetable. Neither are we.

## IV.

The judgment of the trial court is affirmed. Remand this cause to the Circuit Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant, David Douglas O'Connell.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.