IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 23, 2002 Session

## CAROLYN JOY MORRISON v. CHARLES ROY MORRISON

**Appeal from the Circuit Court for Shelby County**
**No. 159968 R.D.     Karen R. Williams, Judge**

---

**No. W2001-02653-COA-R3-CV - Filed October 29, 2002**

---

This case involves the finality of a divorce decree. The parties were married in 1971 and divorced in 2001. Under the divorce, the parties received, as separate property, their respective "bank, retirement and investment accounts" listed in each spouse's name. The wife now asserts that the husband's military pension was not provided for in the divorce decree, that the divorce decree is therefore not final, and that the trial court should equitably divide the funds the husband receives from his military pension. The trial court found that the pension was part of the "retirement" funds allocated as separate property. On this basis, it denied the wife's Rule 59 motion to alter, amend, or vacate the judgment. The wife appeals. We affirm, finding that the parties' final divorce decree contemplated that the parties would retain their respective retirement benefits, including the military pension.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

HOLLY K. LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Bradley J. Cordts, Memphis, Tennessee, for appellant Carolyn Joy Morrison.

Linda F. Teems, Memphis, Tennessee, for appellee Charles Roy Morrison

**OPINION**

Plaintiff/Appellant Carolyn Joy Morrison ("Wife") and Defendant/Appellee Charles Roy Morrison ("Husband") were married on November 3, 1971.[1] Wife filed divorce on July 29, 1998, and Husband filed a counter-complaint for divorce on November 17, 1998. The trial was set several times and continued, and the parties engaged in settlement negotiations. The case was again set for August 22, 2001.

---

[1]The parties' only child reached majority before the entry of the final divorce decree.

Instead of proceeding to trial, the parties continued settlement negotiations. That afternoon, the trial court was notified that the parties had reached an agreement as to all issues.

Later the same day, a final decree of divorce stating the terms of the settlement agreement was prepared by the parties' counsel and entered by the trial court. The divorce decree provided for a cross-waiver of "all bank, retirement and investment accounts." The decree was signed by the Husband's attorney, and Wife's attorney's signature was by Husband's attorney with permission.

On September 21, 2001, with the trial court's permission, Wife substituted her former counsel for her current counsel. Wife's new counsel then moved to alter, amend, or vacate the trial court's judgment, or for a new trial. Wife asserted that the final divorce decree was incomplete because it did not address Husband's military pension and did not include a provision on rehabilitative alimony to which the parties had agreed. Shortly thereafter, on September 25, 2001, an amended final decree of divorce was entered, *nunc pro tunc*, adding the rehabilitative alimony provision. The agreed amended decree did not further address Husband's military pension.

On October 5, 2001, the trial court held a hearing on Wife's motion to alter or amend. The trial judge stated that she interpreted the parties' cross waiver on retirement to mean that discussion of any retirement-type assets, regardless of its source, was "off the table."[2] Thus, the trial court found that the final decree in fact addressed Husband's military pension. On this basis, the trial court denied Wife's motion to amend, alter, or vacate judgment, or for a new trial. From this order, Wife now appeals.

On appeal, Wife argues that the division of marital property in this case was not equitable because it did not include Husband's military pension. Husband asserts that the term "retirement account" in the final decree included Husband's military pension, and therefore was addressed in the provision in the parties' divorce decree which stipulated that each party was to retain his or her own bank, retirement and investment accounts.

The denial of a Rule 59.04 motion to alter, amend, or vacate the judgment is reviewed under an abuse of discretion standard. *Smith v. Haley*, No. E2000-001203-COA-R3-CV, 2001 Tenn. App. LEXIS 136, at *14 (Tenn. Ct. App. March 2, 2001); *Bradley v. McLeod*, 984 S.W.2d 929, 933 (Tenn. Ct. App. 1998). A trial court abuses its discretion when it reaches a decision against logic that causes a harm to the complaining party or when the trial court applies an incorrect legal standard. *Eldridge v. Eldridge*, 72 S.W.3d 82, 85 (Tenn. 2001) (citing *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). The decision of the trial court "will be upheld so long as reasonable minds

---

[2]The trial judge stated:

When counsel announced to me that there was going to be a cross waiver on retirement, I took that to be any form of retirement, whether it's an IRA, whether or not it's from the federal government, whether or not it's from a business. That was just retirement, period, off the table, resolved. If the court of appeals wants to untie this divorce, they're welcome to do so, but I'm not going to untie it.

can disagree as to the propriety of the decision [of the trial court]." ***State v. Scott***, 33 S.W.3d 746, 751 (Tenn. 2000).

On appeal, Wife emphasizes the trial court's obligation to ensure that the property distribution is equitable. She argues that there is a difference between a "retirement account" and a "pension," and that therefore the portion of the final decree providing for a cross-waiver of the parties' "retirement accounts" does not include Husband's military pension. Consequently, because the parties' divorce decree does not address Husband's military pension, the trial court failed to fulfill its responsibility of ensuring an equitable distribution of the couples' marital property. Thus, the Wife asserts, the divorce decree is incomplete and should be either vacated and remanded to the trial court, or alternatively, amended to reflect the equitable disposition of Husband's military pension.

Under Tennessee law, a motion to alter or amend under Rule 59 of the Tennessee Rules of Civil Procedure permits the trial court to revisit and rectify errors that were made when the court overlooked or failed to consider certain matters. ***Spencer v. Hurd Inv. Prop., Inc.***, No. 67, 1991 Tenn. App. LEXIS 275, at \*12 (Tenn. Ct. App. 1991). A Rule 59 motion may be granted "when (1) controlling law changes before a judgment becomes final, (2) when previously unavailable evidence becomes available, or (3) when, for *sui generis* reasons, a judgment should be amended to correct a clear error of law or to prevent injustice." ***Bradley v. McLeod***, 984 S.W.2d 929, 933 (Tenn. Ct. App. 1998), *overruled in part on other grounds by* ***Harris v. Chern***, 33 S.W.3d 741 (Tenn. 2000). A Rule 59 motion should not be granted when the movant is simply seeking to relitigate a matter that has already been adjudicated. ***See id.***

Wife's argument on appeal is premised on her assertion that the final decree does not address the Husband's military pension. The circumstances, however, indicate otherwise. During the settlement negotiations, Wife was represented by counsel. She does not dispute that she was aware of Husband's military pension.[3] The cross-waiver in the final decree indicates clearly that the parties intended for each party to retain the benefits that pertained to that party, and that they intended to resolve all property division issues. Wife's attorney at that time read the final decree and gave counsel for Husband permission to sign his name approving the final decree. Under all of these circumstances, we must conclude that the parties intended for the cross-waiver to include Husband's military pension. Thus, we find that the trial court did not err in finding that the final decree was intended to address the military pension, and consequently we conclude that the trial court did not abuse its discretion in denying Wife's Rule 59 motion to alter or amend.

---

[3] In his appellate brief, Husband asserts that the trial memorandum submitted the day of trial noted Husband's military pension. The trial memorandum, however, was not included in the record on appeal. Consequently, it cannot be considered by this Court.

The decision of the trial court is affirmed. Costs are taxed to the appellant, Carolyn Joy Morrison, and her surety, for which execution may issue if necessary.

_____
HOLLY K. LILLARD, JUDGE