# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### February 13, 2007 Session

## KIM BROWN v. WILLIAM SHAPPLEY, M.D.

### Direct Appeal from the Circuit Court for Shelby County
No. CT-001319-06     Jerry Stokes, Judge

---

### No. W2006-01632-COA-R3-CV - Filed February 27, 2007

---

We affirm the trial court's award of summary judgment to Defendant physician in this medical malpractice action.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and JOHN EVERETT WILLIAMS, SP. J., joined.

Kim Brown, *Pro se.*

Michael G. McLaren and Robert B. Shappley, Memphis, Tennessee, for the appellee, William Shappley, M.D.

### MEMORANDUM OPINION[1]

This dispute arises from a surgical procedure performed by Defendant-physician William Shappley (Dr. Shappley) on March 18, 2005. On March 13, 2006, *pro se* Plaintiff Kim Brown (Mr. Brown) filed a complaint in the Circuit Court of Shelby County alleging that he had consulted with Dr. Shappley regarding surgery to remove the frenulum from his penis; that he had undergone circumcision surgery some years earlier; that Dr. Shappely performed additional circumcision surgery but left the frenulum intact; and that Dr. Shappley had negligently failed to provide appropriate post-operative care following the surgery. In his complaint, Mr. Brown alleged that, after he began to heal from the surgery, he experienced complications and disfigurement and that he

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

was "rebuffed by Dr. Shappley's employees" when he sought an examination from Dr. Shappley. Mr. Brown further alleged that he had been advised by another surgeon/urologist that he had healed incorrectly and that his injury, pain, and disfigurement were a result of the carelessness and neglect of Dr. Shappley's employees. Mr. Brown alleged Dr. Shappley's conduct "constitute[d] medical negligence." He prayed for compensatory damages in the amount of $3,500,000 and for additional unspecified punitive damages.

Dr. Shappley answered and denied allegations of negligence. On April 7, 2006, Dr. Shappley filed a motion for summary judgment, attaching a statement of undisputed facts and his expert affidavit that he had not deviated from the standard of care. Dr. Shappley included the surgical consent form signed by Mr. Brown, indicating that the procedure to be performed was a circumcision.

The trial court heard the matter on May 12. Mr. Brown did not file an expert affidavit in response to Dr. Shappley's motion, and did not attend the May 12 hearing. The trial court entered summary judgment in favor of Dr. Shappley on May 15, 2006. On June 9, 2006, Mr. Brown filed a motion to set aside summary judgment and an affidavit and memorandum of law stating that he was dismissing the claim for medical malpractice and that "[t]he case now is for [m]edical battery/and ordinary negligence." Following a hearing, the trial court denied Mr. Brown's motion to set aside summary judgment, and Mr. Brown filed a timely notice of appeal to this Court. We affirm.

## *Issues Presented*

The issue presented for our review, as presented by Mr. Brown, is:

> Whether the trial court erred in granting summary judgment to Dr. William Shappley based on the plaintiff not having expert testimony.

## *Standard of Review*

Summary judgment is appropriate only when the moving party can demonstrate that there are no disputed issues of material fact, and that it is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). We review an award of summary judgment *de novo*, with no presumption of correctness afforded to the trial court. *Guy v. Mut. of Omaha Ins. Co.*, 79 S.W.3d 528, 534 (Tenn. 2002).

## *Analysis*

Mr. Brown does not assert that he was not required to introduce expert testimony establishing negligence on the part of Dr. Shappley in order to defeat Dr. Shappley's motion for summary judgment with respect to Mr. Brown's medical malpractice action. Rather, Mr. Brown's argument, as we perceive it, is that the trial court erred by denying his motion to set

aside summary judgment in favor of Dr. Shappley where he amended his complaint to assert a claim of medical battery. He asserts that because his amended complaint was one for medical battery, expert proof was not required to defeat Dr. Shappley's motion for summary judgment. In his brief to this Court, Mr. Brown asserts he previously had undergone a circumcision; that he consulted with Dr. Shappley regarding surgery for a frenectomy; and that Dr. Shappley failed to perform a frenectomy but, instead, "touched-up" the earlier circumcision.

We regard Mr. Brown's June 9, 2006, motion to set aside summary judgment as a Tennessee Rules of Civil Procedure 59.04 motion to alter or amend the judgment. The purpose of a Rule 59.04 motion to alter or amend a judgment is to provide the trial court with an opportunity to correct errors before the judgment becomes final. *In re M.L.D.*, 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005). The motion should be granted when the controlling law changes before the judgment becomes final; when previously unavailable evidence becomes available; or to correct a clear error of law or to prevent injustice. *Id.* A Rule 59 motion should not be used to raise or assert new, previously untried or unasserted theories or legal arguments. *Id.*; *see Bradley v. McLeod*, 984 S.W.2d 929, 933 (Tenn. Ct. App.1998)(holding: a Rule 59 motion should not be used to raise new legal theories when a motion for summary judgment is pending)(overruled in part on other grounds by *Harris v. Chern*, 33 S.W.3d 741 (Tenn. 2000)). We review a trial court's determination of whether to grant a Rule 59.04 motion to alter or amend a judgment under an abuse of discretion standard. *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003).

In this case, Mr. Brown essentially sought to utilize a Rule 59.04 motion to amend his complaint to assert a new legal theory, medical battery, after the trial court had awarded summary judgment to Dr. Shappley with respect to Mr. Brown's medical malpractice claim. Additionally, in his June 9, 2006, filing with the trial court and in his brief to this Court, Mr. Brown contends Dr. Shappley is liable for medical battery arising from a procedure not performed. An action for medical battery, however, arises from a physician's performance of an unauthorized procedure. *Blanchard v. Kellum*, 975 S.W.2d 522, 524 (Tenn. 1998). In this case, even if we were to regard Mr. Brown's June 9 filing as a properly amended complaint and not an improper Rule 59.04 motion, the consent form included in the record clearly states that the procedure to be performed by Dr. Shappley was a circumcision, and there is no dispute that Dr. Shappley performed a "touch-up" circumcision. Thus, no medical battery arises from Dr. Shappley's performance of this procedure.

### *Holding*

In light of the foregoing, we find no abuse of discretion in the trial court's denial of Mr. Brown's motion to set aside summary judgment. Additionally, it is undisputed that Mr. Brown failed to offer expert proof of negligence as required by Tennessee Code Annotated Section 29-26-115 to overcome Dr. Shappley's motion for summary judgment in the underlying medical

malpractice action. We accordingly affirm the trial court's award of summary judgment in favor of Dr. Shappley. Costs of this appeal are taxed to the Appellant, Mr. Kim Brown, for which execution may issue if necessary.

_____

DAVID R. FARMER, JUDGE