**Steven Middleton MARR, and Mariam Doris Marr, Individually and as surviving parents and next of kin of Taten Creed Marr, deceased, Plaintiffs–Appellants,**

v.

**MONTGOMERY ELEVATOR COMPANY, Defendant–Appellee.**

Court of Appeals of Tennessee, Eastern Section.

Nov. 29, 1995.

Permission to Appeal Denied by Supreme Court May 28, 1996.

---

Robert E. Pryer and Mark E. Floyd, Pryor, Flynn, Priest & Harber, Knoxville, for Plaintiffs–Appellants.

Jack B. Draper, Arnett, Draper & Hagood, Knoxville, for Defendant–Appellee.

## OPINION

FRANKS, Judge.

In this wrongful death action, the defendant Montgomery Elevator Company, had a maintenance and service agreement upon the elevator system for The Space Needle and Arcade in Gatlinburg, Tennessee at the time the deceased was fatally injured by a fall into the hoistway of an observation elevator.

Defendant's motion for summary judgment was granted and plaintiff has appealed.

The Space Needle operated by Swiss Towers, Inc., is located in Gatlinburg, Tennessee. It consists of an arcade and elevators which transport visitors fifteen stories to an observation deck overlooking the city. On June 30, 1991, Space Needle employee, Taten Creed Marr, entered the elevator hoistway from the entrance on the roof of the arcade, and was fatally injured when he fell on top of one of the elevators and was pinned between the moving elevator and part of the building structure.

After the Trial Court granted summary judgment, plaintiff moved to alter or amend the judgment, and/or to amend or make additional findings of fact. The basis of the motion was that the affidavits which had accompanied defendant's motion for summary judgment were misleading. In support of the motion, plaintiff submitted the depositions of Inspector Dukes and Swiss Towers Inc. President and CEO Sam Stalcup. The Trial Judge overruled the motion.

■■■ In such motions, the moving party is required to show that the evidence has been discovered since the trial and it could not have been discovered prior to trial through the exercise of due diligence. *Schaefer by Schaefer v. Larsen,* 688 S.W.2d 430 (Tenn.App.1984). When a summary judgment which has been granted because the case at that point presents no facts upon which plaintiff can recover, but prior to the

judgment becoming final, the plaintiff is able to produce facts which are material and are in dispute, a motion to alter is looked upon with favor. *Schaefer.* The setting aside of the summary judgment, however, lies within the sound discretion of the Trial Court. This Court found no abuse of discretion in the Trial Court's refusal to consider evidence after entering a summary judgment where the information was, or should have been, available to counsel prior to the hearing on the motion. *Braswell v. Carothers,* 863 S.W.2d 722 (Tenn.App.1993).

In this case, defendant filed its motion for summary judgment on July 28, 1993, accompanied by the affidavits of David Dukes, a State elevator inspector, and Brint Adams, the Branch Manager of defendant. On August 17, 1993, plaintiff filed a motion to continue the hearing date for the summary judgment and for additional time to make discovery. On September 20, 1993, the Trial Judge entered an order allowing "sixty days" to discover. Plaintiff filed affidavits, and on December 20, 1993, the Trial Court conducted a hearing and granted summary judgment to defendant.

On January 13, 1994, in an action styled *Steven Middleton Marr and Mariam Doris Marr, Individually and as surviving parents and next of kin of Taten Creed Marr, deceased, v. Swiss Towers, Inc., and Sam S. Stalcup,* plaintiff's attorney took the discovery deposition of David Dukes and Sam Stalcup, who was President, CEO and General Manager of The Space Needle and Arcade at the time of the deceased's accident. Then on January 26, 1994, plaintiffs filed the aforesaid motion.

■ We find no abuse of discretion by the Trial Court. Plaintiffs' pleadings first state the depositions show that the earlier affidavits were misleading. Their brief later characterizes these depositions as "newly developed" evidence. The facts constituting due diligence, which are required to be set forth in particularity, are not set forth at all. Plaintiffs give no explanation why these depositions were not taken before the hearing. This omission is glaring in light of the fact that it was the same counsel to plaintiffs who later took the depositions. Moreover, one of the later deposed parties' testimony was clearly relevant at the time of the summary judgment hearing by virtue of his initially submitted affidavit. Plaintiffs had from July 28 until December 20 to take depositions and procure affidavits of these witnesses who were known to plaintiffs. Plaintiffs have offered no reason why these depositions were not taken within that time frame. Accordingly, we find no abuse of discretion of the Trial Court in overruling plaintiffs' motion.

Our consideration of the remaining issues will be based upon the record considered by the Trial Court in granting the summary judgment.

Defendant submitted the affidavit of David Dukes, Elevator Inspector for the State of Tennessee. He stated that he had inspected the Space Needle elevators shortly before the accident and that they were in compliance with the elevator safety code on the date of the accident. Compliance for these elevators required that the entry door must be kept locked. He believed the door was locked.

The affidavit of Brint Adams, Knoxville Branch Manager for defendant stated that defendant had installed the Space Needle elevators in 1970, but did not design, manufacture, or supply the elevator equipment which it installed. Nor did it design or erect the Space Needle facility itself. Monthly inspections were carried out after the installation. These inspections were made pursuant to terms and provisions of the written Examination, Oil, and Grease Service Agreement. The last examination before the June 30 accident was on June 5, 1991. There was no report from the owner regarding any problems after the June 5 inspection, and at no time prior to the accident was defendant aware of any elevator safety code violations or non-compliance by the owner of the elevators. At no time did Montgomery inspect or contract to inspect the elevators at the Space Needle for compliance with the elevator safety code, or undertake or make recommendations to the owner regarding the code.

In response to the motion, plaintiffs filed the affidavit of the attorney for the Plaintiff, included photographs of the hoistway, the

situs of the accident, and the affidavit of James Clark which essentially stated: He is an Indiana resident with 28 years experience in elevator industry. He has served as the Director of the Indiana Bureau of Elevator Safety and as one of three-member committee that developed a national certification test for elevator inspectors. He has national certification as elevator inspector and is a member of national organizations for elevator safety. He is familiar with Tennessee law relative to elevator regulations. He determined that there were violations of American National Standard Safety Code of Elevators, Dumbwaiters, Escalators, and Moving Sidewalks (ANSI A17.1) because the hoistway was exposed. He believed that such a condition should create a red flag for any seasoned elevator mechanic or inspector and should immediately be brought to the attention of the owner and the elevator safety division of the state. Montgomery failed to perform its proper duties by not correcting or seeking correction of the hazardous condition. In the exercise of reasonable care and skill, Montgomery should have taken action to change or modify the elevator system by providing barriers for the elevator hoistway.

Also filed was the affidavit of Shawn Ogle which stated he witnessed decedent's accident. He had gone to the roof access entrance intending to ride on top of the elevator to the top of the Space Needle for the purpose of repairing the other elevator. The deceased had followed Ogle and fell on the elevator. The door to the access way was not locked and was always standing open. Once on the roof, nothing guards or prevents one from direct access to the top of the elevator car. Swiss Towers President Stalcup had showed Ogle how to ride on top and told him that it was acceptable for employees to ride on top. Riding on top of the elevators was a common practice at the Space Needle.

Summary judgments are proper in negligence cases where the dispositive issue is a question of law. *Nichols v. Atnip*, 844 S.W.2d 655 (Tenn.App.1992). The existence or nonexistence of a duty owed to the plaintiff by the defendant is a question of law for the court. *Bradshaw v. Daniel*, 854 S.W.2d 865 (Tenn.1993).

One who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully. *Nidiffer v. Clinchfield Railroad Company*, 600 S.W.2d 242 (Tenn.App.1980); *cf. Gaines v. Excel Industries, Inc.*, 667 F.Supp. 569 (M.D.Tenn. 1987) (based on *Nidiffer* and the trend in states contiguous with Tennessee, the Court determined that Tennessee had adopted the Restatement of Torts § 342 [1] and accordingly imposed a duty of care on a parent company for the safety of an employee of its subsidiary and required that due care be used in the parent company's inspections).

This issue is resolved against plaintiffs because the affidavits under consideration do not demonstrate any voluntary undertaking on the part of defendant to inspect. Therefore under this theory, no duty would be implicated.

The existence of a special relationship may impose a duty where one would otherwise not exist. *Lindsey v. Miami Development Corp.*, 689 S.W.2d 856 (Tenn.1985). Examples of relationships for which a duty has been imposed include carrier-passenger, innkeeper-guest, employer-employee, landowner-invitee, and host-social guest. *Id.* These relationships typically involve the elements of dependence, knowledge, and control. See 57A AmJur2d § 91 (1989).

There is no Tennessee precedent establishing a duty between a maintenance company and an employee of the employer who hired the maintenance company on these

---

1. The Restatement (Second) of Torts § 324(A) reads:

   One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if (a) his failure to exercise reasonable care increases the risk of harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

facts. Nor does there seem to be a valid rationale for creating such a duty in these circumstances. While the defendant may have industry knowledge of code requirements, the record does not show that the Space Needle had a need or did rely on defendant's expertise pertaining to any code violations. Moreover, a special relationship requires the capacity or authority to control the other party. *Nichols.* The record does not suggest that defendant wielded the control necessary to establish a special relationship from which the law should impose a duty. We find no basis to impose a duty by virtue of the contractual relationship between the defendant and the Space Needle.

Accordingly, we affirm the judgment of the Trial Court and remand at appellants' costs.

GODDARD, P.J., and SUSANO, J., concur.