IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 1, 2003

### FRANKLIN IRON & METAL RECYCLING, INC. v. WORLEY ENTERPRISES, INC., ET AL.

**Appeal from the Chancery Court for Williamson County**
**No. I-25915      R.E. Lee Davies, Chancellor**

---

**No. M2002-02361-COA-R3-CV - Filed June 4, 2003**

---

Defendants appeal the action of the trial court denying a Tennessee Rule of Civil Procedure 59.04 motion seeking to set aside a previous grant of summary judgment. We have determined that the trial court did not abuse its discretion in denying the motion and therefore affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

J. Britt Phillips,  Franklin, Tennessee, for the appellants, Worley Enterprises, Inc. and Johnny Worley.

J. Nick Shelton, Franklin, Tennessee, for the appellee, Franklin Iron & Metal Recycling, Inc.

### OPINION

The only issue before the Court in this case is whether or not the trial court abused its discretion in denying Defendants' Rule 59 Motion to Set Aside an Order Granting Summary Judgment to Plaintiff. Tenn. R. Civ. P. 59.04. To answer this question, we consider the following chronology of events as disclosed by the record.

Defendant Johnny Worley was President and Chief Executive Officer of Worley Enterprises, Inc. Prior to November 8, 1995, Worley Enterprises, Inc. was owner of a scrap metal business with equipment used in such business located at 242 Second Avenue North in Franklin, Tennessee. On November 8, 1995, Franklin Iron & Metal Recycling, Inc. purchased the business from Worley Enterprises, Inc. by an extensive asset purchase agreement for a consideration of $150,000.00.

In the years immediately following the purchase, Franklin Iron & Metal Recycling, Inc. became disenchanted with the business and, on December 22, 1998, filed suit in the Chancery Court of Williamson County, Tennessee against Worley Enterprises, Inc. and Johnny Worley, individually.[1] In this complaint, Defendants are charged with breach of contract, breach of warranty, misrepresentation, fraud in the inducement to the contract and violation of the Tennessee Consumer Protection Act.

Eighteen months later on June 22, 2000, Defendants Worley Enterprises, Inc. and Johnny Worley, individually, filed their answer to the complaint. On December 17, 2001, Plaintiff filed a Motion for Summary Judgment pursuant to Rule 56, submitting therewith an extensive statement of undisputed facts, together with an affidavit of Catherine Gividen, one of the owners of Franklin Iron & Metal, Inc. No response was filed by the Defendants.

On February 13, 2002, the trial court entered the following order:

> On 11 February 2002, before the Honorable R.E. Lee Davies, III, Plaintiff's Motion for Summary Judgment against Worley Enterprises, Inc., and Johnny Worley, Individually, was heard. Said Plaintiff/Movant complied with Tenn. R. Civ. P. 56. That said, the Respondents, Worley Enterprises, Inc., and Johnny Worley, individually, failed to file a response to movant's Tenn. R. Civ. P. 56 Motion for Summary Judgment after two (2) settings.
> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Plaintiff is granted a judgment against Johnny Worley, individually, and Worley Enterprises, Inc., for damages incurred totaling one hundred fifty thousand dollars ($150,000.00) plus Tennessee Statutory Interest from the Contract date of 28 October 1995 for the claims of Fraudulent Representation, Gross Negligence, violation of the Tennessee Consumer Protection Act, and Breach of Contract. No genuine issue of material facts exists regarding these four (4) claims and said defendants, Johnny Worley, individually, and Worley Enterprises, Inc., have failed to comply with the Rule 56 of the Tennessee Rules of Civil Procedure. [sic]

After the entry of this order Honorable Jeffrey D. Germany, counsel for the Defendants, filed a Motion to Withdraw. Then, on March 14, 2002, Mr. Germany filed on behalf of the Defendants a "Motion to Reconsider Order Granting Plaintiff's Motion for Summary Judgment." Germany made no response to the Plaintiff's Motion for Summary Judgment but asserted that the notice of hearing sent by Plaintiff disclosed inaccurate dates on which the hearing was to be held. This motion concluded with the prayer: "Wherefore, premises considered, Defendant prays that an order be entered granting Defendant's Motion to Set Aside Order Granting Plaintiff's Motion for Summary Judgment only until such time as Defendants' counsel can withdraw." As an exhibit to this motion, Mr. Germany attached the following letter from counsel for Plaintiff dated March 6, 2002:

---

[1] Also joined as a Defendant in the complaint was Phillip Metals, Inc. an Ohio corporation which subsequently filed for bankruptcy and was dismissed as a defendant.

Dear Jeffrey:

The original Summary Judgment Motion was set for 28 January 2002. I gave more than ample notice to you and your client regarding same. The Honorable Judge R.E. Lee Davies, III, was ready to grant that motion to me on said 28 January 2002 date. However, I informed him that I wanted to give you one last chance to respon[d] so the matter was reset for 11 February 2002.

The extension from 28 January 2002 was a mere courtesy by me in case there was some pressing matter keeping you from answering the motion. However, the only response I have heard since that date is your Motion to Withdraw of which I have no objection to. Therefore, I will not set aside the final Order as you had over fifty (50) days advance notice of same.

Thank you for your time and attention to this matter. You may contact me directly if you have any questions.

The motion of Defendant was further supported by the affidavit of Janet M. Love, legal assistant to counsel for the Defendant, which dealt only with the hearing mix-up as to the date for the Plaintiff's motion. The motion to reconsider was heard on April 22 pursuant to Defendant's notice filed on March 21. After that hearing the trial court entered the following order:

On April 22, 2002, before the Honorable R.E. Lee Davies, III, the Motion to Reconsider filed by Attorney Jeffrey D. Germany was granted. Plaintiff's Order Granting Summary Judgment was therefore set aside and set for rehearing on June 10, 2002. Further, said Attorney Germany was granted his Motion to Withdraw as counsel for Plaintiff as of April 22, 2002.

IT IS THEREFORE, ORDERED, ADJUDGED and DECREED all of the following, to wit:

1) That the Order of Summary Judgment signed by the Honorable Judge R.E. Lee Davies, III, on February 13, 2002 is set aside;

2) That Jeffrey D. Germany is allowed to withdraw as counsel for plaintiff in this matter effective April 22, 2002; and

3) That Plaintiff's Motion for summary Judgment is reset to be heard on the 10th day of June, 2002 with notice of same to be given to Defendant, Johnny Worley at his last known address of 2055 Highway 51 North, Nesbitt, MS 38651. Said notice shall consist of first class mail of this order as well as registered certified mail to said last known address.

The record discloses no action at all between the order of May 2, 2002 and the hearing on June 10, 2002, after which the trial court entered its order of June 28, 2002:

On June 10, 2002, Plaintiff's Tenn. R. Civ. Pro. 56 Motion for Summary Judgment was heard before the Honorable R.E. Lee Davies, III. No response was

filed by defendants as required by Rule 56 of the Tennessee Rules of Civil Procedure. Plaintiff's Motion for Summary Judgment is, therefore, granted and an Order of Summary Judgment hereby entered.

IT IS HEREBY, ORDERED, ADJUDGED and DECREED that a Judgment in the amount of $150,000.00 for breach of contract, plus interest at ten percent (10%) per annum from December 23, 1998, (date of suit filing) be awarded Franklin Iron & Metal Recycling, Inc., against defendants Worley Enterprises, Inc., and Johnny Worley, Individually.

Costs of this matter shall be assessed to plaintiff.

Thereafter, on July 22, 2002, Defendants filed their "Motion to Alter or Amend Summary Judgment and Memorandum of Law." This motion accompanied by Defendant's own affidavit and statement of undisputed facts represents Defendant's first response to the merits of the Plaintiff's Motion for Summary Judgment filed on December 17, 2001. Mr. Germany's affidavit asserted in pertinent part:

2.    I was the attorney of record for the Defendant, Worley Enterprises, Inc. and Johnny Worley, individually, in matter number I-25915 of the Chancery Court for Williamson County, Tennessee styled *Franklin Iron & metal Recycling, Inc. v. Worley Enterprises, Inc. and Johnny Worley, Individually.* By an *Order* entered on May 2, 2002, I withdrew as counsel of record for the defendants in this matter. Furthermore, this *Order* set aside the *Order* granting *Plaintiff's Motion for Summary Judgment* and resetting Plaintiff's *Motion* for June 10, 2002.

3.    At the time of submission of the above-described *Order*, April 22, 2002, Defendant was sent through first-class, U.S. mail a copy of the *Order*. I had no direct communication with Defendant concerning this matter other than the *Order* which was sent on April 22, 2002.

4.    The week prior to June 10, 2002, but less than five (5) days prior to the hearing, Mr. Johnny Worley contacted me and stated he had been out of town and had just received and read the above-described *Order*. He stated to me that he did not realize there was a *Motion for Summary Judgment* set. He also asked me to reconsider withdrawing from the case, but I could not at the time undertake his matter and also felt he would be better served to hire another attorney. I advised him to immediately seek and retain another attorney due to the time constraints involved with the Plaintiff's *Motion*.

On August 15, 2002, the trial court overruled the motion. Defendants appealed.

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but his or her response, by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

-4-

If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Tenn. R. Civ. P. 56.06.

No response of any kind complying with Rule 56.06 was filed until after the court had heard the Motion for Summary Judgment on June 10, 2002, and filed its order granting the summary judgment on June 28, 2002. It was not until July 22, 2002, when Defendants filed their motion pursuant to Rule 59.04 to alter or amend the June 28, 2002 order granting summary judgment, that Defendants in any way responded to the merits of the summary judgment motion that had been filed December 17, 2001. The supporting documentation to the July 22, 2002 motion provided no proof in response to the merits of Plaintiff's motion that was not well known to the Defendants at the time the summary judgment motion itself was filed. Indeed, the trial court had already granted Plaintiff's Motion for Summary Judgment on February 13, 2002, and thereafter, in response to the Defendants' motion concerning the alleged mix-up as to the hearing date, had set aside the order and reset the hearing on the motion. Nothing in the record establishes any reason why a Rule 56.06 response was not filed by the Defendants between December 17, 2001 and May 28, 2002, when the trial court specifically re-set the summary judgment motion for hearing on June 10, 2002. Because of the failure of the Defendants to respond to the merits of the summary judgment motion prior to the hearing on June 10, 2002, nothing was before the court except the pleadings and the documentation supporting the motion. A Rule 59.04 motion cannot be used to un-ring this bell. *Bradley v. McLeod*, 984 S.W.2d 929 (Tenn. Ct. App. 1998). In its sound discretion, the trial court could have set aside the summary judgment but, likewise in his sound discretion, he could refuse to do so.

The following excerpt from *Bradley* exemplifies this discretion and describes the underlying problems:

Unfortunately not all lawyers heed Tenn. R. Civ. P. 56.06's clear warning. With increasing frequency, they do not take a motion for summary judgment seriously until after it has been granted. Then, relying on *Schaefer v. Larsen*, 688 S.W.2d 430 (Tenn. Ct. App. 1984) and its progeny, they file a Tenn. R. Civ. P. 59.04 motion seeking to set aside the summary judgment using evidentiary materials that should have been submitted to the trial court before the summary judgment was granted. In some instances, these lawyers have been successful in overturning a previously granted summary judgment, *see Richland Country Club, Inc. v. CRC Equities, Inc.*, 832 S.W.2d 554, 557-58 (Tenn. Ct. App. 1991); *Schaefer v. Larsen*, 688 S.W.2d at 433-34, but in other instances they have not. *See Marr v. Montgomery Elevator Co.*, 922 S.W.2d 526, 528 (Tenn. Ct. App. 1995).

Oftentimes, lawyers seeking to overturn a summary judgment after it has been granted overlook the fact that the trial courts may deny a Tenn. R. Civ. P. 59.04 motion seeking to introduce new evidence if there is no particularized showing of due diligence or of the reasons why the new evidence could not have been discovered and presented prior to the initial consideration of the summary judgment motion. S*ee*

*Marr v. Montgomery Elevator Co.*, 922 S.W.2d at 528. While the panel that decided Schaefer v. Larsen expressed some inclination to relax the strict requirements associated with motions for new trial based on newly discovered evidence, no court has held that the issues of diligence and availability cannot or should not be considered when a party seeks to alter or amend a summary judgment using new evidence.

. . . .

The McLeod's Tenn. R. Civ. P. 59.04 motion contains two flaws. First, it seeks to introduce a new legal defense that was not presented to the trial court before it granted the summary judgment. Second, it seeks to present evidence not introduced prior to the original summary judgment hearing. Both Paul McCord and James McCord have been aware of this evidence since 1988, and thus the McLeods have not demonstrated even the minimal diligence needed in order to be entitled to relief from a summary judgment under Tenn. R. Civ. P. 59.04. Accordingly, the trial court did not abuse its discretion when it denied the McLeods' Tenn. R. Civ. P. 59.04 motion. As a consequence, we will review the propriety of the summary judgment without considering the affidavits submitted by Paul and James McCord.

*Bradley v. McLeod*, 984 S.W.2d 929, 932-33 (Tenn. Ct. App. 1998).

The trial court did not abuse its discretion in overruling the Rule 59.04 motion of the Defendants and the judgment of the trial court is affirmed.

Costs of the cause are taxed to the Appellants.

_____
WILLIAM B. CAIN, JUDGE