# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### ASSIGNED ON BRIEFS JUNE 14, 2012

## DONALD EARL JOHNSON v. CALVARY COLONY

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-000866-11      John R. McCarroll, Jr., Judge**

---

**No. W2011-01712-COA-R3-CV - Filed July 26, 2012**

---

Plaintiff filed a personal injury lawsuit in the General Sessions Court. Following a trial, judgment was entered in favor of Defendant. Plaintiff then attempted to raise his claim in Circuit Court, but the Circuit Court dismissed his claim on the basis of *res judicata*, finding no evidence that he had appealed the adverse General Sessions judgment to Circuit Court. Plaintiff then filed a Notice of Appeal to this Court. Because Plaintiff's Notice of Appeal to this Court is untimely, the appeal is dismissed for lack of subject matter jurisdiction.

**Tenn. R. App. P. 3; Appeal as of Right; Appeal Dismissed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Donald Earl Johnson, Memphis, Tennessee, *pro se*

Lewis W. Lyons, Memphis, Tennessee, for the appellee, Calvary Colony

## I.  FACTS & PROCEDURAL HISTORY

On or about October 1, 2010, Donald Earl Johnson ("Plaintiff"), acting *pro se*, brought an action in the Shelby County General Sessions Court against homeless shelter Calvary Colony ("Defendant") alleging personal injuries from falling in a hole while working at Defendant's property during the summer of 2010.[2]  Following a trial, a judgment was entered in favor of Defendant in General Sessions Court on December 7, 2010.

On February 24, 2011, Plaintiff, acting *pro se*, filed a Complaint in the Shelby County Circuit Court against Defendant again claiming personal injuries from his alleged fall. Defendant filed a Motion to Dismiss and/or for Summary Judgment based upon the previous adjudication of his claims in the General Sessions Court.  At the May 20, 2011 hearing on Defendant's motion, Plaintiff admitted that both his General Sessions and Circuit Court actions involved the same alleged incident; however, Plaintiff asserted that his Circuit Court action was not a *new* claim, but rather it was an *appeal* of the General Sessions judgment. Plaintiff further asserted that he had filed an appeal from the General Sessions judgment within "like a week" of its entry.[3]  The Circuit Court found no evidence of any appeal from General Sessions Court,[4] but it allowed Plaintiff 20 days to come forward with proof that an appeal was timely filed.  Plaintiff was unable to produce any evidence of a timely appeal, and the Circuit Court entered an Order of Dismissal With Prejudice on June 10, 2011, on the

---

[1]Tennessee Court of Appeals Rule 10 provides that "[t]his Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

[2]The General Sessions Civil Warrant does not state the date of the alleged injury.  Moreover, regarding the date of the alleged injury, Plaintiff's Circuit Court Complaint contains only the stand alone phrase "Doing [sic] the summer around the beginning[.]" However, Defendant's brief to this Court surmises that the alleged injury occurred "sometime in the summer of 2010."  In any event, the date of injury is not challenged so as to affect the timeliness of Plaintiff's action.

[3]Tennessee Code Annotated section 27-5-108(a)(1) provides that "[a]ny party may appeal from a decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with the provisions of this chapter."

[4]The supplemented record includes a Notice of Appeal of the December 7, 2010 General Sessions judgment to the Circuit Court.  However, the Notice of Appeal was filed on May 20, 2011, the date of the hearing on Defendant's Motion to Dismiss and/or for Summary Judgment.

basis of *res judicata*.[5]

Following the Circuit Court's dismissal of his cause of action, Plaintiff, on July 6, 2011, filed a document styled "Motion to set aside order of dismissal." In this motion, Plaintiff simply reasserted that he had suffered bodily injuries while on Defendant's property, and he questioned "With this being true how could [Defendant] ask[] to have ths case dismissed." On July 15, 2011, the Circuit Court entered an Order Denying Plaintiff's Motion to Set Aside the Dismissal based upon Plaintiff's failure to appear at the hearing on his motion and upon its finding "no basis in law or fact to set aside the Order of Dismissal." Thereafter, Plaintiff filed a "Motion to Reconsider Order Denying Plaintiff's Motion to set aside order of Dismissal." However, the motion was never set for hearing and was apparently withdrawn by Plaintiff. On August 1, 2011, Plaintiff filed a Notice of Appeal[6] to this Court from the July 15, 2011 Order Denying Plaintiff's Motion to Set Aside the Dismissal.[7]

On September 12, 2011, Defendant filed a motion requesting that this Court dismiss this appeal for Plaintiff's failure to timely file the Notice of Appeal, as well as for his failure to serve a copy of the Notice of Appeal on Defendant as required by Rules 3(e) and 5(a) of the Tennessee Rules of Appellate Procedure. Specifically, Defendant contended that Plaintiff's Motion to Set Aside the Order of Dismissal did not extend the time in which Plaintiff could file his Notice of Appeal as it was not of the type contemplated by Rule 4(b) of the Tennessee Rules of Appellate Procedure or by Rule 59.01 of the Tennessee Rules of Civil Procedure. Defendant urged this Court to refrain from construing the motion in form or in substance as one which would toll the time for an appeal. Alternatively, Defendant argued that this Court lacks jurisdiction because Plaintiff failed to perfect his appeal by serving Defendant with a copy of the Notice of Appeal in compliance with Rules 3(e) and 5(a) of the Tennessee Rules of Appellate Procedure.

In a February 2, 2012 Order, this Court declined to rule, at that time, on whether Plaintiff's Motion to Set Aside the Order of Dismissal operated to extend the time for Plaintiff to comply with Rule 4 of the Tennessee Rules of Appellate Procedure. However,

---

[5]The Circuit Court's Order of Dismissal With Prejudice did not address res judicata, but it specifically incorporated its Order on Motion to Dismiss, which stated that if Plaintiff failed to produce evidence of a timely appeal, Defendant could "present an order granting [its] Motion to Dismiss on the basis of res judicata."

[6]No transcript or statement of evidence was filed in this case.

[7]On June 11, 2012, this Court entered an Order granting Defendant's motion to accept its late-filed brief as timely.

this Court directed Plaintiff, within 10 days of entry, to submit an affidavit stating whether or not he mailed a copy of the Notice of Appeal to all parties and/or their attorneys in this case "not later than 7 days after filing the notice of appeal." Appellant submitted a handwritten response on February 8, 2012, in which he maintained that he hand-delivered a copy of the Notice of Appeal to Defendant's counsel, although he did not remember the date or time. Noting that Rule 5(a) is not jurisdictional and may be suspended upon a showing of good cause and that the parties disputed whether or not Plaintiff had complied with the Rule, this Court declined to dismiss the appeal based upon Plaintiff's alleged non-compliance with Rule 5(a).

## II.  ISSUES PRESENTED

Defendant[8] presents the following issues for review, as summarized:

1.      Whether this Court is without jurisdiction to decide this appeal because Plaintiff failed to file a timely notice of appeal;

2.      Whether this Court is without jurisdiction to decide this appeal because Plaintiff failed to serve Defendant with the notice of appeal; and

3.      Whether the Circuit Court erred in denying Plaintiff's Motion to Set Aside Order of Dismissal.

For the following reasons, the appeal is dismissed for lack of subject matter jurisdiction.

## III.  DISCUSSION

### A. Jurisdiction

1.  Timeliness of Notice of Appeal

On appeal, Defendant first argues that this Court lacks jurisdiction to consider Plaintiff's appeal because Plaintiff's August 1, 2011 Notice of Appeal was filed more than thirty days after entry of the Circuit Court's June 10, 2011 Order of Dismissal With Prejudice. Tennessee Rule of Appellate Procedure 3(a) provides that "[i]n civil actions every

---

[8]Plaintiff's handwritten brief identifies no issues presented for review. His brief essentially recounts his falling in a hole while others stood by laughing and his being "forced" to work outside in the heat rather than in the cool kitchen.

final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right." An appeal as of right is initiated by filing a notice of appeal with the clerk of the trial court. Tenn. R. App. P. 3(e). Such notice must "be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from[.]" Tenn. R. App. P. 4(a).

"The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." **Albert v. Frye**, 145 S.W.3d 526, 528 (Tenn. 2004) (citing *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003)). "While the Rules of Appellate Procedure give the appellate courts considerable latitude in its construction and use of those rules 'to [obtain] the just, speedy, and inexpensive determination of every [appellate] proceeding on its merits,' . . . such latitude does not extend to the jurisdictional time limits imposed by Rule 4(a)" as Rule 2 expressly proscribes the "exten[ding] of time for filing a notice of appeal[.]"[9] **Tenn. R. App. P. 1, 2.**

However, certain timely-filed post-trial motions will operate to toll commencement of the thirty-day period, pending entry of an order granting or denying such. **Albert**, 145 S.W.3d at 528 (citing Tenn. R. App. 4(b); *Binkley*, 117 S.W.3d at 255). The post-trial motions which toll commencement of the period are specifically set forth in Tennessee Rule of Appellate Procedure 4(b):[10] (1) a Rule 50.02 motion for judgment in accordance with a motion for a directed verdict; (2) a Rule 52.02 motion to amend or make additional findings of fact; (3) a Rule 59.07 motion for a new trial; and (4) a Rule 59.04 motion to alter or amend the judgment. "The[se] specified motions are the only means 'for extending the time for taking steps in the regular appellate process.'" **Discovery Bank v. Morgan**, 363 S.W.3d 479, 488 (Tenn. 2012) (quoting Tenn. R. Civ. P. 59.01); *see e.g.,* Tenn. R. App. P. 59.01 ("Motions to reconsider [the specified tolling motions] are not authorized and will not operate to extend the time for appellate proceedings.").

On appeal, Defendant contends that Plaintiff was required to file his Notice of Appeal within thirty days from the entry of the Circuit Court's June 10, 2011 Order of Dismissal With Prejudice, and therefore that his August 1, 2011 Notice of Appeal was untimely. Defendant maintains that Plaintiff's July 6, 2011 "Motion to set aside order of dismissal" should not be construed in form or in substance as a motion which will toll commencement

---

[9]Although the Court may not waive the time requirements for filing a notice of appeal, "it may grant relief in 'unusual or compelling circumstances' by 'vacating and re-entering the final order.'" **Lund v. Lund**, No. E2010-01727-COA-R3-CV, 2011 WL 5561627, at *5 (Tenn. Ct. App. Nov. 16, 2011) (quoting *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997)).

[10]These same motions "for extending the time for taking steps in the regular appellate process" are also listed in Tennessee Rule of Civil Procedure 59.01.

of the thirty-day period. To resolve this issue, we turn to Plaintiff's pleading styled "Motion to set aside order of dismissal," which stated in its entirety:

Motion to set aside order of dismissal

Reason: Is Because I (Donald Earl Johnson) suffered body injuries on the property of Calvary Colony (Memphis Union Mission). With this being true how could they asked to have this case dismissed. Calvary Colony is responsible for any and all liability claims that happen on their property. I suffered back problems, pains on the left side of my body and the back of the head. I am still enduring pain from this incident. I have offered to sign and release all medical records to their attorney for their consideration. Due to insufficient funds the admissions of the hospital stated that this is the only way to obtain my medical records. With sincere regards to the matter I am asking to continue my claim and ask for payment of medical bills and my lifestyle changes; after the accident with Memphis Union Mission.

Obviously, the pleading at issue is not styled as a "motion for judgment in accordance with a motion for directed verdict," a "motion to amend or make additional findings of fact," a "motion for new trial," or as a "motion to alter or amend the judgment." Additionally, the pleading does not cite Rule 50.02, Rule 52.02, Rule 59.07, or Rule 59.04. However, because Plaintiff is self-represented, we must construe his pleading liberally to give effect to its substance rather than its form. *See Discover Bank v. McCullough*, No. M2006-01272-COA-R3-CV, 2008 WL 245976, at *4 (Tenn. Ct. App. Jan. 29, 2008) (citations omitted). Even doing so, however, we cannot reasonably find that the pleading is of the type contemplated to toll enforcement of the mandatory thirty-day period for filing a notice of appeal.

Plaintiff's pleading cannot be construed as a Rule 50.02 motion for judgment in accordance with a motion for a directed verdict or as a Rule 59.07 motion for a new trial because Plaintiff's pleading did not follow a motion for directed verdict, nor did it even follow a trial in the Circuit Court. Additionally, Plaintiff's pleading cannot be construed as a Rule 52.02 motion to amend or make additional findings of fact because the pleading does not seek to add to, or otherwise modify, the trial court's findings of fact. In fact, Plaintiff's pleading does not even address any findings contained within the Circuit Court's June 10, 2011 Order of Dismissal With Prejudice. Finally, Plaintiff's pleading cannot be construed as a Rule 59.04 motion to alter or amend because it simply asks the court to relitigate matters previously adjudicated. It does not allege that the controlling law has changed, that previously unavailable evidence has become available, or that amendment is necessary to correct a "clear error of law or to prevent injustice." *Bradley v. McLeod*, 984 S.W.2d 929, 933 (Tenn. Ct. App. 1998) *overruled in part on other grounds by Harris v. Chern*, 33 S.W.3d

741 (Tenn. 2000). In sum, we find that a liberal interpretation of Plaintiff's "Motion to set aside order of dismissal" cannot reasonably support the conclusion that it is of the type which will operate to toll commencement of the thirty-day period for filing a notice of appeal. Accordingly, Plaintiff was required to file his Notice of Appeal to this Court within thirty days following entry of the Circuit Court's June 10, 2011 final judgment. Because Plaintiff failed to do so, his Notice of Appeal is untimely, and this Court lacks subject matter jurisdiction over the appeal. *See **Ball v. McDowell.**,* 288 S.W.3d 833, 836 (Tenn. 2009) (citing Tenn. R. App. P. 2; *Binkley*, 117 S.W.3d at 255). All remaining issues are pretermitted.


## IV. CONCLUSION

For the aforementioned reasons, this appeal is dismissed for lack of subject matter jurisdiction. Costs of this appeal are taxed to Appellant, Donald Earl Johnson, for which execution may issue if necessary.


_____
ALAN E. HIGHERS, P.J., W.S.