IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 31, 2018 Session

## SAMMIE L. BROOKINS ET AL. v. OWEN B. TABOR, JR., ET AL.

Appeal from the Circuit Court for Shelby County
No. CT-002743-16    Robert L. Childers, Judge

_____

### No. W2017-00576-COA-R3-CV

_____

A plaintiff filed a health care liability complaint in 2015 against several physicians and entities that he later non-suited in order to comply with the pre-suit notice requirements set forth in Tenn. Code Ann. § 29-26-121(a). The plaintiff then filed a second complaint against the same defendants, relying on the saving statutes of Tenn. Code Ann. § 28-1-105 and Tenn. Code Ann. § 29-26-121(c) to extend his statute of limitations. The plaintiff's wife joined him as a plaintiff in the second complaint. The defendants filed motions to dismiss, alleging non-compliance with the pre-suit notice requirements and the statute of limitations. The trial court granted all of the defendants' motions and dismissed the complaint. The plaintiffs appealed the trial court's dismissal of the complaint against the physicians. Interpreting the complaint liberally and presuming the truth of plaintiffs' allegations regarding the HIPAA authorizations, we reverse the trial court's dismissal of the complaint against two of the physicians and affirm the dismissal of the complaint against one of the physicians on statute of limitations grounds. We affirm the trial court's judgment dismissing the wife's claims against all of the defendants.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part and Reversed in Part**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which ARNOLD B. GOLDIN and BRANDON O. GIBSON, JJ., joined.

Sammie L. Brookins and Deloris T. Brookins, Memphis, Tennessee, Pro Se.

John O. Alexander, IV, Memphis, Tennessee, and Jennifer Vallor Ivy, Jackson, Tennessee, for the appellee, John D. Fleenor.

Joseph M. Clark and Samantha Erin Bennett, Memphis, Tennessee, for the appellees, Owen B. Tabor, Jr., Margarita Lamothe, and MSK Group, PC.

# OPINION

## I. BACKGROUND

Sammie L. Brookins filed a health care liability complaint on January 29, 2015, against three individuals and five entities based on an alleged failed hip replacement, subsequent infection, and kidney failure that he alleged were a result of the defendants' negligent care. Mr. Brookins failed to provide the defendants with pre-suit notice of a potential claim as required by Tenn. Code Ann. § 29-26-121(a)(1), and several of the defendants filed motions to dismiss based on this oversight. Mr. Brookins filed a notice of voluntary non-suit as to all defendants other than Dr. John Fleenor and St. Francis Hospital Foundation ("St. Francis Hospital") on March 3, and the trial court entered an order of voluntary non-suit as to these other defendants on April 16, 2015. The trial court then dismissed the plaintiffs' complaint against St. Francis Hospital and Dr. Fleenor on September 21, 2015, "for lack of prosecution without prejudice."

Mr. Brookins filed a second complaint against the same defendants for the same acts of negligence on July 6, 2016. Mr. Brookins' wife, Deloris T. Brookins, joined Mr. Brookins as a plaintiff in the 2016 complaint, and she sought damages for loss of consortium as a result of the harm her husband suffered from the defendants' negligence. In the first full paragraph of their complaint, the Brookinses stated that they were filing the complaint pursuant to Tennessee's saving statute, Tenn. Code Ann. § 28-1-105. The Brookinses attached a certificate of good faith to the complaint, and Mr. Brookins also attached an affidavit of mailing notice of claim letters to each of the defendants. Mr. Brookins included copies of the notice of claim letters, each of which were dated November 7, 2015, with his affidavit. He also included copies of HIPAA compliant authorizations dated November 7, 2015, that he certified he provided to the defendants along with the pre-suit notices.

On August 2, 2016, Dr. Owen B. Tabor, Jr., Dr. Margarita Lamothe, and MSK Group, P.C. filed motions to dismiss the complaint on the ground that it was time-barred as a result of the Brookinses' failure to comply with the pre-suit notice requirements set forth in Tenn. Code Ann. § 29-26-121(a)(2)(E). According to these defendants, Mr. Brookins was not permitted to rely on the 120-day extension of the saving statute available under the health care liability act at Tenn. Code Ann. § 29-26-121(c) because he failed to comply with all of the pre-suit notice requirements set forth in the statute. With respect to Mrs. Brookins, these defendants argued her claim was time-barred because she did not file her consortium claim within the applicable one-year statute of limitations.

Dr. John D. Fleenor filed an answer to the complaint as well as a motion to dismiss and/or for summary judgment. According to Dr. Fleenor, the saving statute was not available to Mr. Brookins because the original complaint was never served upon him in accordance with Tennessee Rule of Civil Procedure 3. Dr. Fleenor also contended that

the first complaint, filed on January 29, 2015, was time-barred because the negligence Mr. Brookins attributed to Dr. Fleenor occurred more than one year prior to that date. Alternatively, Dr. Fleenor argued the Brookinses failed to comply with the pre-suit notice requirements of Tenn. Code Ann. § 29-26-121(a). With regard to Mrs. Brookins, Dr. Fleenor made the same statute of limitations argument as Dr. Tabor and Dr. Lamothe.

The Brookinses served interrogatories and a request for the production of documents on each of the individual physicians on October 11, 2016. When the defendants failed to respond to the discovery requests, the Brookinses filed a motion to compel discovery. The defendants responded to the motion to compel by stating that the discovery requests were served prematurely. If the trial court granted their motions to dismiss, the defendants argued, the dismissal would be dispositive of any remaining issues in the case.

The trial court held a hearing on December 16, 2016, to consider the motions to dismiss and/or for summary judgment and the motion to compel. In orders filed on January 17, 2017, the trial court granted all the motions to dismiss, finding the complaint was barred by the statute of limitations.[1] The orders dismissing the complaint with respect to Dr. Tabor, Dr. Lamothe, and MSK Group, P.C., were essentially the same. In the order dismissing the complaint against Dr. Tabor, the trial court made the following findings:

1. On January 29, 2015, the Plaintiff, Sammie Brookins, acting *pro se*, filed a complaint against Dr. Tabor asserting a claim for health care liability.

2. On April 16, 2015, the Court entered the Order of Voluntary Non-Suit Without Prejudice as to Dr. Tabor.

3. On or about November 12, 2015, Mr. Brookins sent pre-suit notice to Dr. Tabor giving notice of a potential health care liability claim that may be filed against him by Mr. Brookins and his wife, Deloris Brookins.

4. The pre-suit notice letter sent to Dr. Tabor did not include a HIPAA compliant medical authorization that would allow him to obtain Mr. Brookins' medical records from all other health care providers who were sent notice.

---

[1]Tabor Orthopedics, Inc. and Owen B. Tabor, LLC, each filed motions to dismiss on the basis that neither entity was in existence when the alleged negligence occurred. Tabor Orthopedics, Inc., was administratively dissolved in August 2010, and Owen B. Tabor, LLC, terminated its existence as a corporate entity in September 2009. The trial court dismissed these entities from the complaint by order dated January 17, 2017, and the Brookinses do not appeal either of these orders.

5. The Plaintiffs failed to substantially comply with the pre-suit notice requirements of Tennessee Code Annotated § 29-26-121(a)(2)(E).

6. The Plaintiffs were not entitled to the 120-day extension of the statute of limitations available under Tennessee Code Annotated § 29-26-121(c) to plaintiffs who satisfy the requisite degree of compliance with the requirements of Tennessee Code Annotated § 29-26-121.

7. Under the Tennessee saving statute, Tennessee Code Annotated § 28-1-105, the statute of limitations on Mr. Brookins' claim ran on April 16, 2016.

8. The Plaintiffs' Complaint, which was filed on July 6, 2016, was filed after the lapse of the statute of limitation and is, therefore, time-barred.

9. Plaintiff, Deloris Brookins, was not named as a plaintiff in the action filed on January 29, 2015.

10. The loss of consortium claim of Deloris Brookins is also time-barred by the statute of limitations, as she was made a party for the first time in the July 6, 2016 Complaint.

The trial court also dismissed Dr. Fleenor from the complaint. Dr. Fleenor was treated differently than Drs. Tabor and Lamothe because Dr. Fleenor was not served with the first complaint, as the other two doctors were, and Mr. Brookins did not voluntarily dismiss his initial complaint against Dr. Fleenor. In the order granting Dr. Fleenor's motion to dismiss and/or for summary judgment, the trial court wrote:

(1) The statute of limitations has expired on Plaintiff Sammie Brookins' claims against Dr. Fleenor. Mr. Brookins filed his first Complaint on January 29, 2015, almost two (2) years after the alleged malpractice and injury occurred during a hospital admission in February 2013. Mr. Brookins did not serve Dr. Fleenor with process in the first-filed action and that action was dismissed for lack of prosecution on September 21, 2015. Because there was no service of process obtained in the first-filed action, the second Complaint filed on July 6, 2016 is time-barred.

(2) The discovery rule did not preserve Mr. Brookins' claims against Dr. Fleenor. Despite Mr. Brookins' assertion that he did not and could not have discovered the alleged malpractice and injury until he obtained a copy of the medical records on January 10, 2015, the Affidavit of the authorized custodian of the Medical Records of Saint Francis Hospital, Michelle Hall, RHIT, establishes that the complete records pertaining to Sammie L.

Brookins (dates of service, February 22 to 28, 2013) were available for production to the patient upon request on March 21, 2013, so that Mr. Brookins had ample time to discover the cause of action that he brought in the July 6, 2016 Complaint.

(3) Despite Mr. Brookins' assertion of fraudulent concealment on the part of Dr. Fleenor in response to this Motion, there is no claim for fraudulent concealment asserted in the Complaint.

(4) Plaintiff Deloris Brookins' claim is barred by the statute of limitations. Ms. Brookins was not a party to the first-filed action, and she did not file her Complaint against Dr. Fleenor until July 6, 2016, more than three (3) years after the alleged malpractice occurred in February 2013. In any event, even if Ms. Brookins had raised her claim in the first-filed action, the statute of limitations has expired for the reasons stated above in this Order.

(5) That before Plaintiffs, Sammie and Deloris Brookins, filed their Complaint on July 6, 2016, they failed to substantially comply with Tenn. Code Ann § 29-26-121, subsections (a)(3)(B)(i) and (a)(2)(E), by failing to send written notice to the address listed for Dr. Fleenor on the Tennessee department of health web site and by failing to provide to Dr. Fleenor a medical authorization allowing him to obtain complete medical records from two providers, Dr. Margarita Lamothe and MSK Group, PC, who were also being sent a notice.

Mr. Brookins argued in favor of his motion to compel during the hearing on December 16, 2016, but the trial court denied the motion on June 9, 2017, *nunc pro tunc* as of December 16, 2016.

On February 1, 2017, Mr. and Mrs. Brookins filed a motion to alter or amend the judgments pursuant to Tenn. R. Civ. P. 59.04. In their motion, the Brookinses repeated the arguments they had made in opposition to the defendants' motions to dismiss and/or for summary judgment. They asserted that they had, in fact, complied with the pre-suit notice requirements set forth in Tenn. Code Ann. § 29-26-121, and they invited the trial court to review again the contents of the notices the Brookinses sent to each defendant prior to filing the second complaint. On March 8, 2017, the trial court issued an order denying the Brookinses' motion to alter or amend its judgments after explaining that it "again thoroughly reviewed all of the materials" the Brookinses attached to their motion.

Mr. and Mrs. Brookins then filed their notice of appeal. On appeal, the Brookinses contend the trial court erred in denying their motion to alter or amend the judgments dismissing the plaintiffs' complaint. They also argue the trial court erred by failing to provide Mrs. Brookins an opportunity to be heard during the hearing held on

December 16, 2016; declining to hear argument on the plaintiffs' motion to compel answers to their discovery; and refusing to hear argument on the plaintiffs' motion for default judgment against Saint Francis Hospital.[2]

## II. ANALYSIS

### A. Motion to Alter or Amend

Mr. and Mrs. Brookins appeal the trial court's denial of their Rule 59.04 motion to alter or amend the judgments dismissing their complaint. "The purpose of a Rule 59.04 motion to alter or amend a judgment is to provide the trial court with an opportunity to correct errors before the judgment becomes final." *In re M.L.D.*, 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005) (citing *Bradley v. McLeod*, 984 S.W.2d 929, 933 (Tenn. Ct. App. 1998) (overruled in part on other grounds by *Harris v. Chern*, 33 S.W.3d 741 (Tenn. 2000)). The motion should be granted in the following circumstances: (1) "to correct a clear error of law or to prevent injustice," (2) if the law changes before the judgment becomes final, or (3) if additional evidence becomes available that was previously unavailable. *Id.* (citing *Bradley*, 984 S.W.2d at 933); *see also Kirk v. Kirk*, 447 S.W.3d 861, 869 (Tenn. Ct. App. 2013). We will not reverse the trial court's ruling on the plaintiffs' motion to alter or amend unless we find the trial court abused its discretion. *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003). A trial court abuses its discretion when it applies an incorrect legal standard, thereby causing an injustice, reaches a conclusion that is illogical, or resolves a case "'on a clearly erroneous assessment of the evidence.'" *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010) (quoting *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010)). "The abuse of discretion standard of review envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal," and "[i]t reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives." *Beecher*, 312 S.W.3d 524 (citing *Beard v. Bd. of Prof'l Responsibility*, 288 S.W.3d 838, 860 (Tenn. 2009); *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 193 (Tenn. Ct. App. 2000)). A reviewing court may not substitute its judgment for that of the trial court when reviewing a decision under the abuse of discretion standard. *Henderson*, 318 S.W.3d at 335 (citing *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001)); *see also Beecher*, 312 S.W.3d at 524 (stating that appellate court may not second-guess trial court's judgment when reviewing for abuse of discretion).

The basis of the Brookinses' motion to alter or amend was to show the court that that they did, in fact, comply with the pre-suit notice requirements of Tenn. Code Ann. § 29-26-121(a). Specifically, they stated that they provided Drs. Tabor, Lamothe, and

---

[2]The Brookinses do not argue the trial court erred in dismissing MSK Group, P.C., from their complaint. Accordingly, we will not address the correctness of the trial court's dismissal of the complaint as against MSK Group, P.C.

Fleenor with the necessary HIPAA authorizations when they sent the notices of potential claim letters in November 2015. In the affidavit attached to the plaintiffs' complaint filed on July 6, 2016, Mr. Brookins certified that he "mailed by U.S. Postal Service, Certified with return receipt requested, on November 7, 2015, the below Notices of Claim and all enclosures" to all the defendants, which included Dr. Tabor, Dr. Lamothe, and Dr. Fleenor. The enclosures included "HIPAA Compliant Authorizations" that authorized St. Francis Hospital to provide Mr. Brookins' health information to Dr. Tabor, Dr. Lamothe, and Dr. Fleenor; authorized Dr. Lamothe to provide Mr. Brookins' health information to MSK Group, P.C. and Dr. Tabor; authorized Dr. Tabor to provide Mr. Brookins' health information to Dr. Fleenor and Dr. Lamothe; and authorized Dr. Fleenor to provide Mr. Brookins' health information to Dr. Lamothe and Dr. Tabor.

### Dr. Tabor and Dr. Lamothe

Dr. Tabor stated in his motion to dismiss that he received two pre-suit notices in November 2015, copies of which he included as attachments to his memorandum of law. He contended that one notice included a HIPAA authorization that identified Dr. Tabor as the individual authorized to disclose Mr. Brookins' medical records but that it failed to identify any individual or entity that was entitled to receive these records. He asserted that the other pre-suit notice letter included two HIPAA authorizations that allowed Dr. Tabor to obtain records from himself and from Tabor Orthopedics. Dr. Tabor asserted that neither of the HIPAA authorizations he received permitted him to request and obtain Mr. Brookins' medical records from the other health providers being sent notice.

Dr. Lamothe made a similar argument in her motion to dismiss. Dr. Lamothe stated that she received a pre-suit notice that included one HIPAA authorization identifying her as the individual authorized to disclose Mr. Brookins' medical records but that no one was identified as entitled to receive these records from her. Dr. Lamothe attached a copy of this authorization to her memorandum of law. Dr. Lamothe asserted that she received no authorization allowing her to request Mr. Brookins' medical records from any of the other defendants.

Our Supreme Court has written that the appropriate method for challenging a plaintiff's compliance with the pre-suit notice requirements of health claim liability act claims is by filing a motion to dismiss. *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307 (Tenn. 2012). "In the motion, the defendant should state how the plaintiff has failed to comply with the statutory requirements by referencing specific omissions in the complaint and/or by submitting affidavits or other proof." *Id.* Then, once a defendant makes a properly supported motion, the burden shifts to the plaintiff to show either that he or she complied with the statute or had extraordinary cause for not complying. *Id.* When adjudicating a motion to dismiss, the trial court "'must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Ellithorpe v. Weismark*, 479 S.W.3d 818, 824 (Tenn. 2015)

- 7 -

(quoting *Phillips v. Montgomery Cnty.*, 442 S.W.3d 233, 237 (Tenn. 2014)); *Phillips v. Casey*, No. E2014-01563-COA-R9-CV, 2015 WL 4454781, at *2 (Tenn. Ct. App. July 21, 2015). "A motion to dismiss should be granted only if it appears that 'the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.'" *Ellithorpe*, 479 S.W.3d at 824 (quoting *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011)).

The basis of Dr. Tabor's and Dr. Lamothe's motions to dismiss Mr. Brookins' claim was that he failed to comply with Tenn. Code Ann. § 29-26-121(a)(2)(E), which required Mr. Brookins to provide the defendants with a pre-suit notice that included:

> A HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.

In granting these defendants' motions to dismiss, the trial court found that Mr. Brookins "failed to substantially comply with the pre-suit notice requirements of Tennessee Code Annotated § 29-26-121(a)(2)(E)" because Mr. Brookins' pre-suit notice "did not include a HIPAA compliant medical authorization" that would allow the defendants to obtain Mr. Brookins' medical records from all other health care providers who were sent notice. In so ruling, the trial court appears to have disregarded Mr. Brookins' affidavit and response to the defendants' motions to dismiss in which he claimed that he did, in fact, provide each of the defendants with the requisite HIPAA authorizations.[3] The trial court failed to presume the truth of Mr. Brookins' allegations regarding the HIPAA authorizations he claims he mailed to each of the defendants in November 2015 and to give Mr. Brookins the benefit of all reasonable inferences, as it was required to do when ruling on the defendants' motions to dismiss.[4]

Once we give Mr. Brookins the deference to which he is due at the motion to dismiss stage of proceedings and presume that he did, in fact, provide Dr. Tabor and Dr. Lamothe with the HIPAA authorizations he attached to the complaint, we consider

---

[3]The trial court did not review the HIPAA authorizations themselves to determine whether they contained any errors or omissions. Our Supreme Court has held that "a plaintiff must substantially comply, rather than strictly comply, with the requirements of Tenn. Code Ann. § 29-26-121(a)(2)(E)," and that "[a] plaintiff's less-than-perfect compliance with Tenn. Code Ann. § 29-26-121(a)(2)(E) . . . should not derail a healthcare liability claim." *Stevens ex rel. Stevens v. Hickman Cmty. Health Care Servs.*, 418 S.W.3d 547, 555 (Tenn. 2013). We offer no opinion regarding whether the HIPAA authorizations substantially comply with the statute. That determination must first be made by the trial court. *See Stevens*, 418 S.W.3d at 556 (determining whether plaintiff substantially complied with § 29-26-121(a)(2)(E) depends, in part, on prejudice to defendants resulting from noncompliance).

[4]In ruling on the defendants' motions to dismiss, the trial court did not conduct an evidentiary hearing to resolve the factual discrepancies surrounding the HIPAA authorizations. The trial court will have an opportunity to conduct such a hearing on remand.

whether the complaint the Brookinses filed in July 2016 was filed within the statute of limitations. Tennessee Code Annotated section 28-1-105 is the saving statute upon which Mr. and Mrs. Brookins relied in filing their complaint in 2016. This statute provides, in pertinent part:

> (a) If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

The trial court signed an order of voluntary non-suit of Mr. Brookins' initial complaint on April 16, 2015. Neither Dr. Tabor nor Dr. Lamothe contend that Mr. Brookins' initial action was barred by the one-year statute of limitations set forth in Tenn. Code Ann. § 29-26-116(a), and the saving statute found at Tenn. Code Ann. § 28-1-105(a) extended the limitations period for Mr. Brookins' claims against these two defendants to April 16, 2016. Tennessee Code Annotated section 29-26-121(c) extends the limitations period for medical malpractice claims for an additional 120 days if the notice requirements are met. This provision states, in relevant part:

> When notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider.

We conclude that Mr. Brookins was entitled to the 120-day extension of the limitations period provided by Tenn. Code Ann. § 29-26-121(c). When we add 120 days to the date of the trial court's order approving Mr. Brookins' voluntary non-suit, the statute of limitations on Mr. Brookins' health care liability action against Dr. Tabor and Dr. Lamothe was extended until August 14, 2016. We hold that by filing his second complaint on July 6, 2016, Mr. Brookins' 2016 complaint was timely filed against Dr. Tabor and Dr. Lamothe. We, therefore, reverse the trial court's judgments dismissing Mr. Brookins' complaint against Dr. Tabor and Dr. Lamothe.[5]

### Dr. Fleenor

As mentioned above, Mr. Brookins did not voluntarily dismiss his initial complaint against Dr. Fleenor, and Dr. Fleenor sought to have the complaint against him

---

[5]We have reviewed the other arguments Drs. Tabor and Lamothe raise in their appellate brief and find them unconvincing.

dismissed for reasons in addition to the one relied upon by the other defendants. The trial court based its dismissal of the Brookinses' complaint against Dr. Fleenor on several grounds. We conclude that the plaintiffs' claims against Dr. Fleenor are barred by the statute of limitations and that we need not consider the adequacy of the HIPAA authorizations to reach this conclusion.

In his motion to dismiss, Dr. Fleenor argued that the Brookinses' claims against him were barred by the one-year statute of limitations applicable to health care liability actions. *See* Tenn. Code Ann. § 29-26-116(a)(1) (providing that statute of limitations shall be one year for health care liability actions). According to Dr. Fleenor, the basis of the plaintiffs' claims against him occurred in February 2013, which means their negligence claims against him expired in February 2014. We do not believe the complaint can be read to limit the Brookinses' claims against Dr. Fleenor to actions he took in February 2013, however. In their complaint filed in January 2015, the Brookinses assert that Mr. Brookins "underwent revision of his polyethylene spacer to a standard hip revision replacement" on April 14, 2014, and that he "had significant perioperative complications and post left total hip replacement complicated by infection with recent placement of antibiotic spacer." It is not clear from the complaint which of the defendant physicians were involved in this aspect of Mr. Brookins' care.

Assuming that the complaint filed on January 29, 2015, was filed within the one-year statute of limitations as against all of the defendants, we conclude Mr. Brookins' claims against Dr. Fleenor as set forth in his 2016 complaint are barred because he failed to comply with the saving statute. This is because Mr. Brookins did not serve Dr. Fleenor with process as required by the saving statute, Tenn. Code Ann. § 28-1-105, set forth above, upon which the plaintiffs expressly relied when they filed their second complaint on July 6, 2016.[6]

Rule 3 of the Tennessee Rules of Civil Procedure explains what it means to "commence" a civil action:

> All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. *If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within*

---

[6]The Brookinses state at the beginning of their complaint filed in 2016 that "[t]his complaint is being filed pursuant to Tennessee's saving statute, T.C.A. 28-1-105 . . . ."

*one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.*

(Emphasis added.) Although process was issued for each of the defendants when the January 2015 complaint was filed, there is no dispute that Dr. Fleenor was not served with the complaint before the trial court dismissed it for lack of prosecution on September 21, 2015. The record does not show, and Mr. Brookins does not argue, that he continued the 2015 action against Dr. Fleenor by obtaining issuance of new process within one year from issuance of the previous process (that occurred on January 29, 2015) or within one year of the filing of the complaint, as required by Tenn. Code Ann. § 28-1-105(a).

Our Supreme Court has addressed the saving statute in conjunction with Rule 3 and has held that the "availability of the saving statute is dependent upon a plaintiff's compliance with Rule 3." *Frye v. Blue Ridge Neuroscience Ctr., P.C.*, 70 S.W.3d 710, 716 (Tenn. 2002). In other words, a plaintiff is not entitled to take advantage of the one-year tolling period of the saving statute set out in Tenn. Code Ann. § 28-1-105(a) to avoid the bar of the statute of limitations unless the plaintiff has "'commenced [the action] within the time limited by a rule or statute of limitation.'" *Id.* (quoting Tenn. Code Ann. § 28-1-105(a)); *see also McNeary v. Baptist Mem'l Hosp.*, 360 S.W.3d 429, 439-40 (Tenn. Ct. App. 2011) (explaining that saving statute is only available to a plaintiff who has strictly complied with Rule 3's requirement that the complaint has been filed and process has been served within specified period).

The Brookinses make an alternative argument that Dr. Fleenor's alleged negligence was not discoverable or was fraudulently concealed until Mr. Brookins received his medical records in January 2016 and learned for the first time that Dr. Fleenor had failed to diagnose his kidney failure and failed to decline his requested discharge.[7] The trial court rejected the fraudulent concealment argument because the plaintiffs failed to include any allegations of fraudulent concealment in their complaint.

We addressed the issue of fraudulent concealment in the medical malpractice case *Robinson v. Baptist Memorial Hospital*, 464 S.W.3d 599 (Tenn. Ct. App. 2014). We explained that "the doctrine of fraudulent concealment will toll the running of a statute of limitations," *Robinson*, 464 S.W.3d at 608 (citing *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 461 (Tenn. 2012), and Tenn. Code Ann. § 29-26-116(a)(3)), but only when "'the defendant has taken steps to prevent the plaintiff from discovering he [or she] was injured,'" *id.* (quoting *Redwing*, 363 S.W.3d at 462). A

---

[7]Tennessee Code Annotated section 29-26-116(a)(3) provides that "where there is fraudulent concealment on the part of the defendant, . . . the action shall be commenced within one (1) year after discovery that the cause of action exists."

plaintiff asserting a defendant engaged in fraudulent concealment must allege the following in his or her complaint:

> "(1) that the defendant affirmatively concealed the plaintiff's injury or the identity of the wrongdoer or failed to disclose material facts regarding the injury or the wrongdoer despite a duty to do so;
>
> (2) that the plaintiff could not have discovered the injury or the identity of the wrongdoer despite reasonable care and diligence;
>
> (3) that the defendant knew that the plaintiff had been injured and the identity of the wrongdoer; and
>
> (4) that the defendant concealed material information from the plaintiff by withholding information or making use of some device to mislead the plaintiff in order to exclude suspicion or prevent inquiry."

*Id.* at 608-09 (quoting *Redwing*, 363 S.W.3d at 462-63 (footnotes omitted)). The Brookinses do not point to anything in their 2016 complaint suggesting that Dr. Fleenor affirmatively concealed Mr. Brookins' injury or the fact that Dr. Fleenor was involved in the care of Mr. Brookins. Thus, the fraudulent concealment doctrine is not available to extend the statute of limitations of the plaintiffs' claims against Dr. Fleenor.

The *Robinson* court also addressed the discovery rule upon which the Brookinses rely, writing that "'[t]he statute of limitations is tolled until the plaintiff discovers or, in the exercise of reasonable diligence, should have discovered the defendant's fraudulent concealment or sufficient facts to put the plaintiff on actual or inquiry notice of his or her claim.'" *Id.* at 609 (quoting *Redwing*, 363 S.W.3d at 463). A comparison of the plaintiffs' 2015 complaint with their 2016 complaint reveals that the Brookinses were aware in 2015 that Mr. Brookins had suffered an injury as a result of his hip replacement and that Dr. Fleenor was one of the physicians involved with his care. The discovery rule tolls the statute of limitations until a plaintiff learns (1) that he or she has suffered an injury and (2) the identity of the wrongdoer(s). *Stanbury v. Bacardi*, 953 S.W.2d 671, 677 (Tenn. 1997); *Schmank v. Sonic Auto., Inc.*, No. E2007-01857-COA-R3-CV, 2008 WL 2078076, at *3 (Tenn. Ct. App. May 16, 2008). It is not necessary that a plaintiff "'actually know that the injury constitutes a breach of the appropriate legal standard in order to discover that he has a 'right of action.'"" *Stanbury*, 953 S.W.2d at 677 (quoting *Roe v. Jefferson*, 875 S.W.2d 653, 657 (Tenn. 1994)); *see also Roe v. Jefferson*, 875 S.W.2d at 658 (holding plaintiff not entitled to rely on discovery rule to toll statute of limitations when she was aware she had suffered injury resulting from defendant's conduct within statute of limitations period even though she was not aware of defendant's legal liability until after limitations period ended).

We agree with the trial court's conclusion that the Brookinses were not entitled to rely on the fraudulent concealment doctrine to toll the statute of limitations with respect to their claim against Dr. Fleenor, and we further conclude that the Brookinses are not entitled to rely on the discovery rule for the reasons stated herein. Thus, with respect to the Brookinses' claims against Dr. Fleenor, we affirm the trial court's judgment dismissing the complaint with prejudice.

B. Mrs. Brookins' Claim

Mrs. Brookins was not named as a plaintiff in the complaint Mr. Brookins filed in January 2015. Mr. Brookins referenced Mrs. Brookins in paragraph twenty of his 2015 complaint, stating: "Plaintiff and wife continuous [sic] to suffer from breach of the standard of care from each of the physicians." The first time Mrs. Brookins was named as a plaintiff was on July 6, 2016, when she was included as a plaintiff alongside Mr. Brookins in the heading of the complaint.

During the hearing on December 16, 2016, the trial court asked if there was a motion pending with regard to Mrs. Brookins' claim against the defendants. Dr. Fleenor's attorney confirmed that he had addressed Mrs. Brookins' claim in his motion to dismiss and/or for summary judgment, and the judge then made the following ruling from the bench:

> I will grant the motion to dismiss Ms. Brookins' claim as well because the statute of limitations clearly has expired on that case. Her claim wasn't raised in the first lawsuit, January 29, 2015, but in any event, even if it had been, the statute of limitations for the reasons I've stated previously had expired. So I'll grant the motion to dismiss her claim as well.

In the written orders dismissing the 2016 complaint against each of the defendants, the trial court affirmed its oral ruling, finding that Mrs. Brookins was not named as a plaintiff in the action filed on January 29, 2015, and concluding that her loss of consortium claim was time-barred by the applicable statute of limitations because she did not become a party to the action until July 6, 2016.

Mrs. Brookins argues on appeal that she was not provided with an opportunity to address the trial court at the hearing, but she acknowledged during oral argument that she never stood up or attempted to make an argument to the court during the hearing. Even if Mrs. Brookins had argued her case before the trial court, however, our decision that her claim is time-barred would not change.

Mrs. Brookins' claim for loss of consortium is recognized by statute as a cause of action separate from that of her husband, but it is still derivative of Mr. Brookins' health care liability claim. *See* Tenn. Code Ann. § 25-1-106; *Swafford v. City of Chattanooga*,

743 S.W.2d 174, 178 (Tenn. Ct. App. 1987). Although her right to recover consortium damages is independent of Mr. Brookins' right to recover damages for medical malpractice, proof of Mr. Brookins' injuries is an element of Mrs. Brookins' cause of action. *See Igou v. Vanderbilt Univ.*, No. M2013-02837-COA-R3-CV, 2015 WL 1517794, at *3 (Tenn. Ct. App. Mar. 27, 2015); *Strauss v. Ramada Inn E.*, No. 02A01-9211-CV-00307, 1994 WL 198882, at *2 (Tenn. Ct. App. May 23, 1994); *Swafford*, 743 S.W.2d at 178. We determined in *Igou v. Vanderbilt University* that a spouse's loss of consortium claim that is derivative of the other spouse's health care liability cause of action also constitutes a health care liability claim. *Igou*, 2015 WL 1517794, at *4. Mrs. Brookins' loss of consortium claim was thus subject to the one-year statute of limitations applicable to all health care liability claims. *See* Tenn. Code Ann. § 29-26-116(a)(1).

Mrs. Brookins was not named as a plaintiff in the complaint filed in 2015; the first time she was listed as a plaintiff was in the complaint filed on July 6, 2016. The Brookinses do not allege in the 2016 complaint that the defendants were negligent at any time after November 26, 2014. Thus, the statute of limitations ran on Mrs. Brookins' claim on November 26, 2015. Because she was not a party to the 2015 complaint that was dismissed without prejudice in April 2015, Mrs. Brookins was unable to take advantage of the saving statute that was available to her husband. *See* Tenn. Code Ann. § 28-1-105. Therefore, we affirm the trial court's judgment dismissing Mrs. Brookins' claim as barred by the statute of limitations.

## C. St. Francis Hospital

The Brookinses filed their notice of appeal on March 16, 2017. They then filed a motion for default judgment against St. Francis Hospital over a month later, on April 25, 2017. They argue on appeal that the trial court erred because it refused to hear argument on their motion for default judgment. Once the Brookinses filed their notice of appeal, however, the trial court no longer had jurisdiction to consider their later-filed motion. "The legal effect of perfecting an appeal is to divest the trial court of further authority to act without leave of the appellate court and to vest jurisdiction in the court of appeals." *Spann v. Abraham*, 36 S.W.3d 452, 461 (Tenn. Ct. App. 1999); *see also Hoover v. Bd. of Prof'l Responsibility of Sup. Ct.*, 395 S.W.3d 95, 107 (Tenn. 2012) ("Hoover's filing of a notice of appeal divested the trial court of jurisdiction to consider his later motion."). Accordingly, we conclude the trial court did not err by not scheduling a hearing on the plaintiffs' late-filed motion for default judgment against St. Francis Hospital.[8]

---

[8]St. Francis Hospital is not participating in this appeal. However, we note that the record does not show that the hospital was ever served with Mr. Brookins' initial complaint that was filed in 2015. If Mr. Brookins' action was not "commenced" against St. Francis Hospital, as that term is used in Rule 3 of the Rules of Civil Procedure and Tenn. Code Ann. § 28-1-105, then the statute of limitations would have barred the plaintiffs' claims against the hospital that were filed on July 6, 2016, for the same reasons that Mr. Brookins' claims against Dr. Fleenor are barred.

- 14 -

D. Motions to Compel Discovery

The Brookinses' final argument on appeal is that the trial court erred in denying their motion to compel discovery from Dr. Tabor, Dr. Lamothe, and Dr. Fleenor. Each of these defendants opposed the motion to compel on the grounds that their motions to dismiss the complaint were pending and that the motion to compel was, therefore, premature. The defendants argued that if the trial court granted their motions to dismiss, the dismissal would be dispositive of the motion to compel. We agree.

Now that we have affirmed the dismissal of the complaint against Dr. Fleenor, he is no longer a party to the case. Mr. Brookins may be able to depose Dr. Fleenor and obtain relevant documents by way of a subpoena duces tecum, but Dr. Fleenor is no longer bound by the rules of discovery that apply only to parties. *See generally* TENN. R. CIV. P. 26. Dr. Tabor and Dr. Lamothe, however, must now respond to the discovery requests. If Mr. Brookins is not successful in working out a reasonable time period for these defendants to respond to his discovery requests, Mr. Brookins can take the matter up with the trial court.

## III. CONCLUSION

For the reasons set forth above, we reverse the trial court's judgment denying Mr. Brookins' motion to alter or amend the judgment as to Dr. Tabor and Dr. Lamothe; we affirm the judgment denying the motion as to Dr. Fleenor; and we affirm the dismissal of all of Mrs. Brookins' claims. We conclude the trial court did not err in failing to schedule a hearing on the motion for default judgment against St. Francis Hospital; and we affirm the trial court's denial of the motion to compel discovery. The case is remanded for further proceedings consistent with this opinion.

Costs of this appeal shall be split evenly between the appellants and the defendants.

_____
ANDY D. BENNETT, JUDGE